UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

    Plaintiff,                                   Case No: 16-13070
                                                                 HON. SEAN F. COX

vs.

JEAN REID and J. MORAN,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>By:  CHRISTOPHER J. TRAINOR (P42449)<br>       SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Rd.<br>White Lake, MI 48386<br>(248) 886-8650 Fax: (248) 698-3321<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By:  ROBERT S. HUTH, JR. (P42531)<br>       RAECHEL M. BADALAMENTI (P64361)<br>       ELIZABETH P. ROBERTS (P76017)<br>Attorneys for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI  48038<br>(586) 412-4900     Fax: (586) 412-4949<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com<br>eroberts@khlblaw.com |
|---|---|

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXHIBITS FROM TRIAL

**NOW COMES** Plaintiff, **NIKOS KIDIS,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his *Motion in Limine to Preclude Certain Exhibits from Trial*, respectfully states the following:

1. This is an excessive force case arising out of an incident occurring during the late evening hours of August 31, 2014, wherein Defendant Moran used excessive and/or unreasonable force against Plaintiff.

1

2. That Defendant Moran's actions violated Plaintiff's Fourth Amendment constitutional rights.

3. That the only issue to be tried in this matter is whether Defendant Moran utilized excessive and/or unreasonable force against Plaintiff when he was lying face down on the ground with his arms outstretched in an obvious sign of surrender.

4. In the event that this case proceeds to trial, Plaintiff seeks to have the following exhibits be excluded from trial in this matter, due to the fact that the evidence is completely irrelevant and inadmissible:

    a.    Any and all documents from Walgreens Pharmacy;

    b.    Any and all documents from JAMS Drug and Alcohol Testing;

    c.    Any and all documents from Medicaid, Michigan Department of Community Health;

    d.    Any and all documents produced from House Arrest Services;

    e.    Any and all documents from the Michigan Department of Health and Human Services;

    f.    Any and all documents from Medicare/Medicaid- Region 5;

    g.    Any and all documents from the Michigan Secretary of State;

    h.    Any and all documents from Progressive Insurance;

    i.    Any and all documents from Macomb Community College;

    j.      Any and all medical records from facilities not listed on the Joint Exhibit List;

    k.      Any and all documents from Home Depot;

    l.      Any and all documents from Lautrec, Ltd.;

    m.      Any and all documents from Service Specialties;

    n.      Any and all documents from Michigan Works!;

    o.      Any and all documents from M &D Towing;

    p.      Any and all documents from Internal Revenue Service.;

    q.      Any and all documents from Macomb Community College;

    r.      Any and all documents from Clintondale High School and Clintondale Continuing Education;

    s.      Any and all documents from C. Haskins Maintenance;

    t.      Any and all documents from MSP Plaster;

    u.      Any and all of the parties discovery responses;

    v.      Any and all of the deposition transcripts;

5. That these exhibits contain no information relevant to core issue of whether or not Defendant Moran used excessive and/or unreasonable force against Plaintiff, and would serve no purpose other than to confuse the issue and cast Plaintiff in a negative light.

6. That the introduction of the aforementioned evidence and/or testimony is in no way relevant to the core issue of this case; nor will such evidence assist the

trier of fact in rendering a verdict on the claims that are presently at issue in this case.

7. Any arguable probative value (of which Plaintiff maintains there is absolutely none) is substantially outweighed by the danger of unfair prejudice, which would cause confusion of the issues, and greatly increase the likelihood that the jury would be distracted and reach a decision on an improper basis.

8. That Federal Rules of Evidence ("FRE") 401, 402 and, 403 require that the evidence set forth herein be excluded from the trial of this case.

9. Concurrence was sought before the filing of this Motion but was not granted as of the date of this writing.

**WHEREFORE,** for the reasons set forth herein and in the attached Brief, Plaintiff respectfully requests that this Honorable Court enter an Order consistent with the relief requested herein.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **/s/ Shawn C. Cabot**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      SHAWN C. CABOT (P64021)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI 48386
                                      (248) 886-8650
                                      shawn.cabot@cjtrainor.com

Dated: September 21, 2018
*SCC/mms*

**PROOF OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **all attorneys of record** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***None***.

s/ Shawn C. Cabot (P64021)
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

    Plaintiff,                                     Case No: 16-13070
                                               HON. SEAN F. COX

vs.

JEAN REID and J. MORAN,
in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>By:  CHRISTOPHER J. TRAINOR (P42449)<br>      SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Rd.<br>White Lake, MI 48386<br>(248) 886-8650 Fax: (248) 698-3321<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By:  ROBERT S. HUTH, JR. (P42531)<br>      RAECHEL M. BADALAMENTI (P64361)<br>      ELIZABETH P. ROBERTS (P76017)<br>Attorneys for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI  48038<br>(586) 412-4900     Fax: (586) 412-4949<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com<br>eroberts@khlblaw.com |
|---|---|

## **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXHIBITS FROM TRIAL**

### **I.    Brief Summary of the Facts**

    Please see previously filed, *Plaintiff's Motion in Limine to Exclude Certain Evidence Regarding Plaintiff's Criminal History and Alcohol Use From Trial* for a brief summary of the facts.

## II. Legal Arguments

### A. Motions in Limine, Generally

A *motion in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F.Supp.2d 844, 846 (N.D. Ohio, 2004).

### B. All of the Requested Evidence Must be Excluded Pursuant to FRE 401, 402 and 403.

In general, Federal Rule of Evidence ("FRE") 401 establishes that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." According to FRE 402, irrelevant evidence is not admissible. The evidence cited in the attached Motion is certainly not relevant to the core issue that the jury will ultimately have to decide which is whether Defendant Moran utilized excessive and/or unreasonable force against Plaintiff; and therefore, this evidence must be excluded.

Admittedly, the trial court has discretion in determining the relevancy and admissibility of evidence. "The district court is ordinarily in the best position to

7

'appreciate the essential facts' and must 'be permitted to exercise some discretion, fructified by common sense, when dealing with this necessarily difficult subject.'" *United States v. Washington,* 318 F.3d 845, 856 (8th Cir. 2003). However, using even the slightest amount of common sense reveals that none of the evidence set forth in the attached Motion will help the jury determine whether excessive/unreasonable force was used against Plaintiff or whether Defendant Moran exercised excessive and/or unreasonable force when he arrested Plaintiff. As the Eighth Circuit essentially held in the case cited above, the trial court cannot simply throw common sense out of the window when making relevancy determinations. Given this guidance, the evidence at issue must be precluded.

"Relevancy describes the relationship between a proffered item of evidence and a proposition which is provable or material in a given case. There is not the legal test of relevancy and reference must be to logic or general experience to demonstrate the existence of a relationship and its proximity or remoteness." *United States v. Craft*, 407 F.2d 1065, 1069 (6th Cir. 1969) (citing George F. James, *Relevancy, Probability and the Law*, 29 Calif.L.Rev. 689 (1941). Justice Cooley wrote in *Stewart v. People*, 23 Mich. 63 (1871) that "The proper test for the admissibility of evidence ought to be, we think, whether it has a tendency to affect belief in the mind of a reasonably cautious person, who should weigh it with judicial fairness." To that end, the evidence included in this Motion, has nothing to do with

the core issue in the instant matter, which is whether or not Defendant Moran exercised excessive force when arresting Plaintiff. In fact, the evidence that Plaintiff seeks to exclude includes, but is not limited to the following: (1) the automobile accident that occurred before Plaintiff's subject arrest; (2) Plaintiff's probation history related to drug and alcohol use; (3) Plaintiff's driving record; (4) Plaintiff's education history; and (5) Plaintiff's employment history. Any such evidence is clearly not relevant in determining whether or not Defendant Moran exercised unreasonable and/or excessive force against Plaintiff.

However, in the event this Honorable Court believes that the evidence set forth in the attached Motion should be considered relevant, then such evidence must be excluded under FRE 403, because the evidence is unquestionably unfairly prejudicial. Relevant evidence can be excluded under FRE 403 "[i]f its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Unfair prejudice in this context of FRE 403 implies that the jury would rely on an improper basis in rendering its decision. *U.S. v. Schrock,* 855 F.2d 327, 335 (6th Cir. 1998). Under FRE 403, the court may exclude evidence if its probative value is substantially outweighed by the risk of unfair prejudice. While the phrase "unfair prejudice" does not mean the damage to a party's case that results from the legitimate probative force of admitted evidence,

it does refer to evidence which would tend to suggest a decision on an improper basis. *United States v. Lawson*, 535 F.3d 434, 442 (6th Cir. 2008).

The core issue in this case is whether or not Defendant Moran used excessive and/or unreasonable force against Plaintiff. There is nothing contained within the exhibits referenced within the attached Motion that is relevant to the matter and issue that would be presented to the jury. The exhibits hold no probative or evidentiary value whatsoever, and would serve no purpose other than to confuse the issue and paint Plaintiff in a negative light. These exhibits must be excluded in their entirety.

### III. Conclusion

In light of the evidence, caselaw, and arguments set forth herein and in the attached Motion, Plaintiff respectfully requests that this Honorable Court Grant the relief requested herein.

                              Respectfully Submitted,
                              CHRISTOPHER TRAINOR & ASSOCIATES

                              **/s/ Shawn C. Cabot**
                              CHRISTOPHER J. TRAINOR (P42449)
                              SHAWN C. CABOT (P64021)
                              Attorneys for Plaintiff
                              9750 Highland Road
                              White Lake, MI 48386
                              (248) 886-8650
                              shawn.cabot@cjtrainor.com

Dated:  September 21, 2018
*SCC/mms*