UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

      Plaintiff,                          Case No: 16-13070
                                             HON. SEAN F. COX

vs.

JEAN REID and J. MORAN,
in their individual and official capacities,

      Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>By:  CHRISTOPHER J. TRAINOR (P42449)<br>     SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Rd.<br>White Lake, MI 48386<br>(248) 886-8650 Fax: (248) 698-3321<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By:  ROBERT S. HUTH, JR. (P42531)<br>     RAECHEL M. BADALAMENTI (P64361)<br>     ELIZABETH P. ROBERTS (P76017)<br>Attorneys for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI  48038<br>(586) 412-4900     Fax: (586) 412-4949<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com<br>eroberts@khlblaw.com |
| --- | --- |

## **PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE REGARDING LAY WITNESSES FROM TRIAL**

**NOW COMES** Plaintiff, **NIKOS KIDIS,** by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and for his *Motion in Limine to*

*Preclude Certain Evidence Regarding Lay Witnesses from Trial*, respectfully states

the following:

1. This is an excessive force case arising out of an incident occurring during the

    late evening hours of August 31, 2014, wherein Plaintiff was subject to

excessive and/or unreasonable force.

2. That Defendant Moran's actions violated Plaintiff's Fourth Amendment constitutional rights.

3. That the only issue to be tried in this matter is whether Defendant Moran utilized excessive and/or unreasonable force against Plaintiff, when he was lying face down on the ground with his arms outstretched in an obvious sign of surrender.

4. In the event that this case proceeds to trial, Plaintiff seeks to have the following testimony be excluded from trial in this matter, due to the fact that it is completely irrelevant and inadmissible:

    a.  The testimony of Officer Newman;

    b.  The testimony of Officer Krzesak;

    c.  The testimony of Officer Livingston;

    d.  The testimony of Officer Kirby;

    e.  The testimony of Officer Wojnowski;

    f.  The testimony of Detective Howlett;

    g.  The testimony of Dispatcher J. Kelly;

    h.  The testimony of Dispatcher Mazura;

    i.  The testimony of Lt. Dan Bradley;

    j.  The testimony of Police Commissioner Jere Green;

k.  The testimony of Sergeant Baroky;

l.  The testimony of Assistant Prosecuting Attorney John Paul Hunt;

m. The testimony of Assistant Prosecuting Attorney Joshua Abbott;

n.  The testimony of Assistant Prosecuting Attorney Joshua Van Laan;

o.  The testimony of Assistant Prosecuting Attorney Gretchen Schlaff;

p.  The testimony of Macomb County corporate counsel John Schapka;

q.  The testimony of Officer R. Millard;

r.  The testimony of R. Durant;

s.  The testimony of Officer Scher;

t.  The testimony of Officer Gale;

u.  The testimony of Jenny Calabrese;

v.  The testimony of Officer Andrew Hadfield;

w. The testimony of Sgt. Andrew;

x.  The testimony of Sgt. Plante;

y.  The testimony of Officer Wilberm;

z.  Representatives of Blue Cross Blue Shield of Michigan;

aa. Representatives of Liberty Mutual Insurance Company;

bb. Representatives of McLaren HMP Health Plan Insurance;

cc. Representatives of Michigan Secretary of State;

dd. Representatives of Lautrec Ltd., including but not limited to:  Kevin Trealot, David Stuphin, Todd Stuphin, Anthony Ebbin, Lee Griswold, Pete Wiltsee, Sefa;

5. That none of the above listed lay witnesses were present at the general time of Defendant Moran's use of excessive and/or unreasonable force, so anything they might claim to know about the incident would be hearsay and inadmissible.  Any other testimony would be irrelevant to the core issue of this matter or would be inadmissible character evidence.

6. That the introduction of the aforementioned evidence and/or testimony is in no way relevant to the core issue of this case; nor will such evidence assist the trier of fact in rendering a verdict on the excessive force claim that is presently at issue in this case.

7. Any arguable probative value (of which Plaintiff maintains there is none) is substantially outweighed by the danger of unfair prejudice, which would cause confusion of the issues, and greatly increase the likelihood that the jury would be distracted and reach a decision on an improper basis.

8. That Federal Rules of Evidence ("FRE") 401, 402 and, 403 require that the evidence set forth herein be excluded from the trial of this case.

9. Concurrence was sought before the filing of this Motion but was not granted as of the date of this writing.

4

**WHEREFORE,** for the reasons set forth herein and in the attached Brief, Plaintiff respectfully requests that this Honorable Court enter an Order consistent with the relief requested herein.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: September 21, 2018
*SCC/mms*

**PROOF OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **all attorneys of record** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***None***.

s/ Shawn C. Cabot (P64021)
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

      Plaintiff,                        Case No: 16-13070
                                             HON. SEAN F. COX

vs.

JEAN REID and J. MORAN,
in their individual and official capacities,

      Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| By:  CHRISTOPHER J. TRAINOR (P42449)   SHAWN C. CABOT (P64021) | By:  ROBERT S. HUTH, JR. (P42531)   RAECHEL M. BADALAMENTI (P64361)   ELIZABETH P. ROBERTS (P76017) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 9750 Highland Rd. | 19500 Hall Road, Suite 100 |
| White Lake, MI 48386 | Clinton Township, MI  48038 |
| (248) 886-8650 Fax: (248) 698-3321 | (586) 412-4900        Fax: (586) 412-4949 |
| shawn.cabot@cjtrainor.com | rhuth@khlblaw.com |
| | rbadalamenti@khlblaw.com |
| | eroberts@khlblaw.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE REGARDING LAY WITNESSES FROM USE AT TRIAL

### I.    Brief Summary of the Facts

      Please see previously filed, *Plaintiff's Motion In Limine to Exclude Certain Evidence Regarding Plaintiff's Criminal History and Alcohol Use From Trial,* for a brief summary of the facts.

## II.   __Legal Arguments__

### A.   **Motions in Limine, Generally**

A *motion in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).   A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial."  *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).  The guiding principle is to "ensure evenhanded and expeditious management of trials."  *Ind. Ins. Co. v. GE*, 326 F.Supp.2d 844, 846 (N.D. Ohio, 2004).

### B.   **All of the Requested Evidence __Must__ be Barred Pursuant to FRE 401, 402 and 403.**

In general, Federal Rule of Evidence ("FRE") 401 establishes that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  According to FRE 402, irrelevant evidence is not admissible.  The evidence cited in the attached Motion is certainly not relevant to the core issue that the jury will ultimately have to decide; and therefore, must be excluded.

Admittedly, the trial court has discretion in determining the relevancy and admissibility of evidence. "The district court is ordinarily in the best position to 'appreciate the essential facts' and must 'be permitted to exercise some discretion, fructified by common sense, when dealing with this necessarily difficult subject.'"

7

*United States v. Washington,* 318 F.3d 845, 856 (8th Cir. 2003).  However, using even the slightest amount of common sense reveals that none of the evidence set forth in the attached Motion will help the jury determine whether excessive/unreasonable force was used against Plaintiff or whether Defendant Moran exercised excessive force when he acquired Plaintiff.  As the Eighth Circuit essentially held in the case cited above, the trial court cannot simply throw common sense out of the window when making relevancy determinations.  Given this guidance, the evidence at issue must be precluded.

"Relevancy describes the relationship between a proffered item of evidence and a proposition which is provable or material in a given case.  There is not the legal test of relevancy and reference must be to logic or general experience to demonstrate the existence of a relationship and its proximity or remoteness." *United States v. Craft*, 407 F.2d 1065, 1069 (6th Cir. 1969) (citing George F. James, *Relevancy, Probability and the Law*, 29 Calif.L.Rev. 689 (1941).  Justice Cooley wrote in *Stewart v. People*, 23 Mich. 63 (1871) that "The proper test for the admissibility of evidence ought to be, we think, whether it has a tendency to affect belief in the mind of a reasonably cautious person, who should weigh it with judicial fairness."  To that end, the evidence included in this motion, has nothing to do with the core issue in the instant matter, which is whether or not Defendant Moran exercised unreasonable and/or excessive force when arresting Plaintiff.

However, in the event this Honorable Court believes that the evidence set forth in the attached Motion should be considered relevant, then such evidence must be excluded under FRE 403, because the evidence is unquestionably unfairly prejudicial.  Relevant evidence can be excluded under FRE 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Unfair prejudice in this context of FRE 403 implies that the jury would rely on an improper basis in rendering its decision. *U.S. v. Schrock,* 855 F.2d 327, 335 (6th Cir. 1998).  Under FRE 403, the court may exclude evidence if its probative value is substantially outweighed by the risk of unfair prejudice.  While the phrase "unfair prejudice" does not mean the damage to a party's case that results from the legitimate probative force of admitted evidence, it does refer to evidence which would tend to suggest a decision on an improper basis.  *United States v. Lawson*, 535 F.3d 434, 442 (6th Cir. 2008).

Hearsay is defined as an out of court statement presented as proof of the matter asserted. FRE 801.  Any knowledge possessed by one of the witnesses listed in the attached Motion would have either been heard or read by any of those witnesses.  In either case, the evidence is hearsay and not subject to any exception, so it is inadmissible FRE 802.

The central issue in this case is whether or not Defendant Moran exercised excessive and/or unreasonable force when arresting Plaintiff.  To the greatest extent of the available evidence, there are only 3 possible people who were actually present during the beating of Plaintiff. These three people are Plaintiff, Defendant Moran and Officer Reid.  There is no one else with personal knowledge who could provide direct evidence relating to the subject incident.  Any evidence that could be presented by the above listed witnesses would be inadmissible hearsay or inadmissible character evidence. (FRE 801-802, 401-404).  The best the Defendant can hope to do with the above listed evidence is to create unfair prejudice.  The volume of evidence that Defendant Moran is looking to present will confuse the issues and create a bad image of Plaintiff.  Such an image could create an improper basis for the jury to render a verdict that does not fit the facts.   Under FRE 401-403 and 801-802, this evidence is completely inadmissible.

Defendant has listed several police officers as potential expert witnesses, including but not limited to: City of Warren Police Officer Jean Reid, City of Warren Police Officer Bradley Adkins, City of Warren Police Officer Pasternacki, Macomb County Sheriff's Office Sergeant Phil Abdoo, City of Warren Police Sergeant Barnes, City of Warren Police Officer Bechill, City of Warren Police Officer Luke Sedlak, Former City of Warren Police Officer Zimmerman, City of Warren Police Officer Narlock, City of Warren Police Officer Perry Teolis, City of Warren Police

Evidence Technician J. Booms, City of Warren Police Corporal Mel Nearing, City of Warren Police Officer Daniel Richardson, City of Warren Police Officer Callow, City of Warren Police Officer Chisholm, City of Warren Police Officer Mirek Skomski, City of Warren Police Officer Newman, City of Warren Police Officer Krzesak, City of Warren Police Officer Livingston, City of Warren Police Officer Kirby, City of Warren Police Officer Wojnowski, City of Warren Police Detective Howlett, City of Warren Police Dispatcher J. Kelly, City of Warren Police Dispatcher Mazura, City of Warren Police Lieutenant/Records Custodian Dan Bradley, Former City of Warren Police Commissioner Jere Green, and Royal Oak Police Department Sergeant Baroky. **[D/E #65, Pg. Id. #1494-1507].**

Under Fed. R. Civ. P. 26 (a)(2), to have a witness testify as an expert witness, an expert report and CV of qualifications must be disclosed to the opposing party by a date set by the court's scheduling order. None of the required disclosures under Fed. R. Civ. P. 26(a) were made by defense counsel for any of the officers listed.  If a party fails to provide the information required in Rule 26(a), that party is not allowed to use the information at trial unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *see also King v. Ford Motor Co.*, 209 F.3d 886, 901 (6th Cir. 2000). Therefore, none of these officers can be qualified to give expert testimony at trial as Defendant failed to provide the information required, and this failure is not substantially justified or harmless as having police officers who were

11

not present for the subject incident testify would unfairly prejudice Plaintiff. The Court must not allow the presentation of any of the above listed evidence at trial, as it is entirely inadmissible.

## III.    <u>Conclusion</u>

In light of the evidence, caselaw, and arguments set forth herein and in the attached Motion, Plaintiff respectfully requests that this Honorable Court Grant the relief requested herein.

                                         Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: September 21, 2018
*SCC/mms*