UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

    Plaintiff,

vs.

JEAN REID and J. MORAN,
in their individual and official capacities,

    Defendants.

Case No: 16-13070
HON. SEAN F. COX

| CHRISTOPHER TRAINOR & ASSOCIATES<br>By: CHRISTOPHER J. TRAINOR (P42449)<br>    SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Rd.<br>White Lake, MI 48386<br>(248) 886-8650 Fax: (248) 698-3321<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By: ROBERT S. HUTH, JR. (P42531)<br>    RAECHEL M. BADALAMENTI (P64361)<br>    ELIZABETH P. ROBERTS (P76017)<br>Attorneys for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI 48038<br>(586) 412-4900   Fax: (586) 412-4949<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com<br>eroberts@khlblaw.com |
|---|---|

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXPERT WITNESS TESTIMONY FROM TRIAL**

    **NOW COMES** Plaintiff, **NIKOS KIDIS,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his *Motion in Limine to Preclude Certain Expert Witness Testimony Evidence from Trial*, respectfully states the following:

1. This is an excessive force case arising out of an incident occurring during the late evening hours of August 31, 2014, wherein Defendant Moran used

1

excessive and/or unreasonable force against Plaintiff.

2. That Defendant Moran's actions violated Plaintiff's Fourth Amendment constitutional rights.

3. That the only issue to be tried in this matter is whether Defendant Moran utilized excessive and/or unreasonable force against Plaintiff when Plaintiff was lying face down on the ground with his arms outstretched in an obvious sign of surrender.

4. In the event that this case proceeds to trial, Plaintiff seeks to have the following evidence precluded from trial in this matter:

   a. Testimony, Reports and Resume/CVs of the following expert witnesses:

       i. Sergeant Phil Abdoo as a Police Department Policies, Procedures and Customs Expert;

       ii. Evan Halchishick as an Expert in Physical Medicine and Rehabilitation;

       iii. Patrick Stephens, M.D. as an expert in orthopedic surgery;

       iv. Psychiatrist Jeffrey Kezlerian, MD as an expert;

       v. Economist William M. G. Pearson as an expert economist;

       vi. Economist Jacqueline Vega-Velez, MRC, MA, CRC as an expert economist; and

       vii. Any other expert for which the proper disclosures have not been made.

5. As to the listed expert witnesses, Defendant Moran failed to produce timely copies of their reports and other documents as required by Fed. R. Civ. P. 26(a)(2)(B). The due date was listed as September 15, 2017 in accordance with the Court's Third Scheduling Order. **[D/E #23].**

   a. Sgt. Phil Abdoo did not produce a copy of his report until December 3, 2017 and it was not submitted to Plaintiff's counsel until December 13, 2017. Sgt. Abdoo also failed to provide a CV, list of publications, a list of prior cases for which he has testified, and a statement of compensation.

   b. Dr. Evan Halchishick D.O. did not produce his report until November 22, 2017 and it was not submitted to Plaintiff's Counsel until December 13, 2017. Dr. Halchishick failed to provide a CV, a list of publications, a list of prior cases for which he has testified, and a statement of compensation.

   c. Dr. Patrick Stephens M.D. did not produce his report at all.

   d. Dr. Jeffrey Kezlarian M.D. did not prepare his report until October 30, 2017 and it was not submitted to Plaintiff's Counsel until November 27, 2017. Dr. Kezlarian failed to provide a CV, a list of publications, a list of prior cases for which he has testified, and a statement of compensation.

6. William M.G. Pearson, Anthony Gamboa Ph.D and Jacqueline Vega-Velez are all experts in economics. Plaintiff is not making a claim for wage loss and therefore, any testimony they might give is completely irrelevant and unnecessary to this case. They should also be excluded under FRE 401-402. Further, these experts have not provided the reports or any other requirements listed in Fed. R. Civ. P. 26(a)(2)(B). **It should also be noted, with respect to these experts, that Defendant's Counsel stated in a September 20, 2018 email that they do not intend to call an economic expert as Plaintiff is not making a wage loss claim.**

7. Fed. R. Civ. P. 37(c)(1) requires that an expert witness who fails to provide a timely report as required under Fed. R. Civ. P. 26 (a)(2) is not permitted to give testimony at trial.

8. Concurrence was sought before the filing of this Motion but was not granted as of the date of this writing.

**WHEREFORE,** for the reasons set forth herein and in the attached Brief, Plaintiff respectfully requests that this Honorable Court enter an Order consistent with the relief requested herein and exclude any expert witnesses who have failed to timely disclose the required information under Fed. R. Civ. P. 26(a)(2)(B); pursuant to Fed. R. Civ. P. 37(c)(1).

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated:  September 21, 2018
*SCC/mms*

**PROOF OF SERVICE**

I hereby certify that on September 21, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **all attorneys of record** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: *None*.

s/ Shawn C. Cabot (P64021)
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKOS KIDIS,

    Plaintiff,

vs.

JEAN REID and J. MORAN,
in their individual and official capacities,

    Defendants.

Case No: 16-13070
HON. SEAN F. COX

| CHRISTOPHER TRAINOR & ASSOCIATES<br>By: CHRISTOPHER J. TRAINOR (P42449)<br>    SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Rd.<br>White Lake, MI 48386<br>(248) 886-8650 Fax: (248) 698-3321<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>By: ROBERT S. HUTH, JR. (P42531)<br>    RAECHEL M. BADALAMENTI (P64361)<br>    ELIZABETH P. ROBERTS (P76017)<br>Attorneys for Defendants<br>19500 Hall Road, Suite 100<br>Clinton Township, MI 48038<br>(586) 412-4900    Fax: (586) 412-4949<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com<br>eroberts@khlblaw.com |
|---|---|

### **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXPERT WITNESS TESTIMONY FROM TRIAL**

    **I.**    **Brief Summary of the Facts**

    Defendant Moran has listed several expert witnesses in the Final Joint Pretrial Order to provide testimony at trial in this matter. **[D/E #65, Pg. ID# 1471].** Four of those experts: Sgt. Phil Abdoo, Dr. Evan Halchishick D.O, Dr. Patrick Stephens M.D. and Dr. Jeffrey Kezlarian M.D. failed to timely submit their expert reports as required under Fed. R. Civ. P. 26(a)(2)(B) (by the close of discovery on September

15, 2017). These experts also failed to provide the other required disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B), such as a CV/resume, a list of publications, a list of prior cases for which they have testified, and a statement of required compensation.

Defendant also included three economics experts on their *Second Supplemental Witness List*: William M.G. Pearson, Anthony Gamboa Ph.D. and, Jacqueline Vega-Velez MRC, MA, CRC. **[D/E #36].** Plaintiff is not making a wage loss claim. Therefore, there is no need for economic experts to testify at trial. Furthermore, these listed experts failed to provide the required expert disclosures under Fed. R. Civ. P. 26(a)(2)(B). It should also be noted that Defendant's Counsel has stated in a September 20, 2018 email that in general they do not intend to call an economics expert at trial as Plaintiff is not making a wage loss claim.

## II.  Legal Arguments

### A.  Motions in Limine, Generally

A *motion in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.

1999).  The guiding principle is to "ensure evenhanded and expeditious management of trials."  *Ind. Ins. Co. v. GE*, 326 F.Supp.2d 844, 846 (N.D. Ohio, 2004).

### B. Failure to Submit Expert Reports is a Violation of Fed. R. Civ. P 26(a)(2)(B).

As part of the required disclosures, an expert report, a CV/resume, a list of publications, a list of prior cases for which they have testified, and a statement of required compensation for each expert witness to be called is to be disclosed to opposing counsel. Fed R. Civ P. 26(a)(2)(B). Pursuant to this Court's Third Scheduling Order, the due date for such disclosures was set for September 15, 2017. Sgt. Phil Abdoo, Dr. Evan Halchishick D.O., and, Dr. Jeffrey Kezlarian M.D. each failed to submit their required disclosures to Plaintiff's Counsel by the designated due date.  Dr. Patrick Stephens M.D., William M.G. Pearson, Anthony Gamboa Ph.D. and Jacqueline Vega-Velez MRC, MA, CRC all failed to submit an expert report at all.  Under Fed. R. Civ. P. 37(c)(1), failure to make timely disclosure of expert witness reports calls for the disallowance of their testimony or reports at trial. Pursuant to that rule, Plaintiff requests that any of the listed expert witnesses not be allowed to testify at trial, and that any report(s) submitted after September 15, 2017 be suppressed.

### C. Plaintiff Is Not Making A Wage Loss Claim, Therefore, Any Testimony Or Reports By An Expert In Economics Must be Excluded from Trial.

In general, Federal Rule of Evidence ("FRE") 401 establishes that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." According to FRE 402, irrelevant evidence is not admissible. The evidence cited in the attached Motion is certainly not relevant to the core issues that the jury will ultimately have to decide; and therefore, must be excluded.

Plaintiff is not making a wage loss claim at trial. Absolutely, no purpose is served by having any expert in economics testify. Any testimony these witnesses might give is not at all relevant in the instant case. Therefore, these experts should not be allowed to testify. Furthermore, these witnesses failed to provide the required disclosures pursuant to FRCP 26(a)(2)(B), thus these expert witnesses must be excluded from testifying at trial.

## III. <u>Conclusion</u>

In light of the evidence, caselaw, and arguments set forth herein and in the attached Motion, Plaintiff respectfully requests that this Honorable Court Grant the relief requested herein.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: September 21, 2018
*SCC/mms*