UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nikos Kidis,

    Plaintiff,

v.    Case No. 16-13070

Jean Reid and John Moran,    Sean F. Cox
    United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER REGARDING MOTIONS IN LIMINE

This is a § 1983 action. The Court summarized the facts of this case in its April 23, 2018 Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (D.E. 57). Plaintiff Kidis's excessive force claim against Officer Moran is the only claim that survived summary judgment and trial will begin on October 17, 2018.

On October 15, 2018, the Court heard oral arguments on seven motions *in limine*. For the reasons below, the Court will deny all of these motions without prejudice, except as to evidence related to Plaintiff's underlying conviction and the Warren Police Department's use-of-force policies and procedures. As to these two categories of evidence, the Court will deny the relevant motions.

The Court will also order the parties to prepare a limiting instruction, which will adequately explain that a violation of a police department's use of force policy does not necessarily amount to a constitutional violation.

**ANALYSIS**

1

## I. Applicable Standards

### A. Motions in Limine

Trials are dynamic, and a district court should grant a motion to exclude evidence *in limine* "only when that evidence is clearly inadmissible on all potential grounds." *Palmer v. Allen*, 2017 WL 218077 at*1 (E.D. Mich. Jan. 19, 2017) (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp.2d, 844, 846 (N.D. Ohio 2004). In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the Court will admit the evidence at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984). "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41-42.

### B. Relevance

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"Relevant evidence is admissible unless any of the following provides otherwise:" 1) the United States Constitution; 2) a federal statute; 3) these rules; or 4) other rules prescribed by the Supreme Court. Fed. R. Evid. 402.

### C. Unfair Prejudice Under Fed. R. Evid. 403

Rule 403 of the Federal Rules of Evidence provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### D. Admission Of Evidence Under Fed. R. Evid. 404(b)

"Rule 404(b) bars the admission of 'propensity evidence,' defined as '[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Flagg v. City of Detroit,* 715 F.3d 165, 175 (6th Cir. 2013) (quoting Fed. R. Evid. 404(b)(1)). "However, it permits the admission of prior 'bad acts' for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id*. (quoting Fed. R. Evid. 404(b)(2)).

"The Rule 404(b) inquiry consists of three parts. First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as whether the 'other act' is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack*, 258 F.3d 548, 554 (6th Cir. 2001); *see also Flagg*, 715 F.3d at 176.

### II. Plaintiff's Motion to Exclude Certain Exhibits from Trial (D.E. 70), Motion to Exclude Certain Lay Witness Testimony from Trial (D.E. 72), Motion to Exclude Certain Evidence Regarding Any Subsequent Lawsuit and/or Settlement from Trial (D.E. 74), and Motion to Exclude Certain Evidence Regarding Substance Abuse From Trial (D.E. 75).

After considering Plaintiff's above-referenced motions (D.E. 70, 72, 74, and 75) and oral arguments, the Court concludes that the evidence outlined in these motions *might* be admissible on some ground and questions of this evidence's admissibility should be resolved at trial. As such, the Court will deny these motions without prejudice.

### II. Plaintiff's Motion to Exclude Criminal History, including Underlying Convictions (D.E. 77)

In one of his motions, Plaintiff seeks to exclude evidence of his criminal history, including "any and all evidence of Plaintiff's guilty plea arising from the subject incident entered on December 11, 2014 in the 16th Judicial Circuit, to Attempted Assault/Resist/Obstruct against Officer Reid." (D.E. 77, PageID 2275). Plaintiff argues that this evidence is irrelevant to the "core issue" of whether Defendant Moran used excessive and/or unreasonable force against Plaintiff. (D.E. 77, PageID 2284). Plaintiff also argues that, if the Court finds that the evidence is relevant, then it still must be excluded under Rule 403 because "allowing it would serve no other purpose other than to confuse the jury into believing that the guilty plea of attempted resisting arrest somehow was related to Defendant Moran, which it was not." (D.E. 77, PageID 2292).

In response, Defendant directs the Court to *Greene v. Distelhorts*, 116 F.3d 1480 (6th Cir. 1997), and asserts that evidence of the underlying convictions is admissible for, among other reasons, the purposes of placing the events surrounding Plaintiff's arrest in the proper context and showing motive to flee and resist arrest. Defendant also argues that the convictions are relevant to his state of mind and the reasonableness of the force he used because he was "aware that Plaintiff was the suspect in a drunk-driving, hit-and-run motor vehicle accident and resisted and obstructed arrest by Officer Reid prior to his encounter with Plaintiff." (D.E. 68, PageID 3091).

"Because the 404(b) analysis contains an analysis of relevance and unfair prejudice, the analysis comes down to one under Rule 404(b). The Court must consider whether: 1) there is sufficient evidence the prior act occurred; 2) there is a proper purpose for the evidence; and 3) the evidence is more prejudicial than probative." *Webb v. Hiben*, 2015 WL 5335011 at *3 (E.D. Mich., 2015).

Plaintiff pleaded guilty to the underlying convictions. Thus, there is sufficient evidence that

4

the acts occurred.

The second step requires the Court to determine whether there is a proper purpose for the evidence. In *Greene*, the plaintiff William Greene brought a § 1983 claim following his arrest. He claimed the officers used excessive force in arresting him. Greene was convicted of resisting arrest and drug charges, which stemmed from drugs found on his person during the arrest. Greene then filed his § 1983 case. Greene, like Plaintiff here, filed a motion *in limine* asking the trial court to preclude evidence of his convictions for resisting arrest and drug abuse pursuant to Fed. R. Evid. 404(b) and 609. The trial court denied the motion and allowed evidence of the convictions at trial.

Greene appealed and the Sixth Circuit affirmed the trial court's rulings. In doing so, the Court stated, "[w]e conclude that the evidence was not admitted for impeachment purposes, but rather to place the events surrounding Greene's arrest in the proper context and to show motive for his conduct." *Id*. at *2. The Court explained:

> The evidence which Green sought to exclude in his first two motions in limine is not, strictly speaking, evidence of "other crimes," and does not fit neatly into a Rule 404(b) analysis. The arrest that Green was convicted of resisting is the very arrest that Greene here contends was unlawful and accompanied by means of the use of excessive force. Whether an arrest involved the excessive use force is determined by applying the standard of objective reasonableness to the specific conduct of the arresting officers in the context of the facts and circumstances actually present in the particular case. *Graham v. Connor,* 490 U.S. 386, 388 (1989). The drug abuse conviction was based on the drugs that Greene had on his person when he was arrested. **Thus, this criminal activity was part and parcel of the arrest of which Greene now complains, not "other crimes" unrelated in time and place**. Evidence of this activity, except for the fact of conviction, hardly could have been excluded without denying these defendants the right to present their defense.
> . . . .
> **We find that evidence of Greene's conduct leading to his arrest on July 16, 1993, and the convictions stemming from that arrest were admissible to provide the jury with a full account of the events giving rise to Greene's present claims and to demonstrate Greene's motive to run, hide, and resist arrest.** . . . The drug abuse conviction was based on the marijuana found in Greene's possession at the time of arrest and was admissible for the purpose of demonstrating Greene's

5

motive to flee and resist arrest and the officers' motive to maintain pursuit. The conviction for resisting arrest was admissible for two reasons: first, the circumstances surrounding that arrest were critical to the determination of whether the officers used excessive force in arresting Greene; and second, because Greene was found guilty of resisting arrest, he was precluded from relitigating that issue in this action.

Having reviewed the record, we further conclude that the district court did not abuse its discretion in rejecting Greene's argument that this evidence was more prejudicial than probative. **Because the evidence was necessary to provide the jury with a full account of the events surrounding Greene's claims against the City and the police officers, it was admissible for that legitimate purpose**, and the district court did not abuse its discretion in admitting it for that limited purpose.

*Id.* at 3-4 (emphasis added).

*Greene* has persuaded this Court at least twice before. In *Edgerson v. Matatall*, 2014 WL 172258 (E.D. Mich 2014) (Cox, J.), the Court agreed with Defendant that, like the situation in *Greene*, evidence of Plaintiff's conduct leading to his arrest, and the convictions stemming from that arrest, were admissible to provide the jury with a full account of the events giving rise to Plaintiff's excessive force claim and to demonstrate Plaintiff's motive to run, hide, and resist arrest, as well as assessing the reasonableness of the officer's use of force. Thus, the Court found that Defendant had established a proper purpose for the admission of evidence of Plaintiff's convictions for driving without a license, resisting arrest, fleeing and eluding, and possession of marijuana, that arose out the underlying events of that case. *See also Webb,* 2015 WL 5335011 at *4 (E.D. Mich. 2015) (Cox, J.) (following *Greene* and *Matatall* and finding that evidence of plaintiff's underlying conviction for home invasion should be admitted to provide the jury with a full account of the events, to demonstrate motive to run, hide, and resist arrest, and to assess the reasonableness of the force used.)

This case is substantially similar to *Greene*, *Matatall*, and *Webb*. Evidence of Plaintiff's underlying conviction can be admitted to provide the jury with a full account of the facts, to show

6

Plaintiff's motive to flee and resist Defendant Moran, and to show Defendant Moran's state of mind and the reasonableness of the force used. Thus, there is proper purpose for this evidence.

Finally, the Court concludes that the probative value of this evidence is not outweighed by the danger of unfair prejudice under Rule 403.

For these reasons, the Court shall deny Plaintiff's motion as to the evidence of his guilty pleas to, and convictions of, the crimes underlying the subject arrest. This evidence may be admitted at trial. As to the remaining evidence in Plaintiff's motion—which relates to Plaintiff's other criminal history and alcohol use—the Court concludes that this evidence *might* be admissible for some purpose, and that this evidence's admissibility should be resolved at trial. Thus, the Court shall deny, without prejudice, Plaintiff's motion as to this other evidence.

**III**.   **Defendant's Motion to Exclude**

Defendant filed one motion *in limine,* seeking to exclude several categories of evidence. After reviewing Defendant's motion and oral argument, the Court concludes that this evidence might be admissible for some purpose and that this determination should be resolved at trial, with one exception.

Defendant argues that the police department's policies and procedures are properly excluded under Rules 401, 402, and 403 because they have "no bearing on the standard for liability to be applied by the jury" and are likely to confuse the jury. (D.E. 76, PageID 2137).

Defendant's argument hinges on *Smith v. Freland*, 954 F.2d 343 (6th Cir. 1992). In *Smith*, a mother filed a § 1983 claim after a police officer shot her son to end a high-speed chase. *Id*. at 344-345. The district court granted summary judgment in favor of the officer. On appeal, the mother argued that the officer had violated the department's policy regarding the use of deadly force, which

7

forbid officers from shooting at a moving vehicle, unless they were acting in self-defense. *Id*. at 346.

The Sixth Circuit held that

> [u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983. To hold that cities with strict policies commit more constitutional violations than those with lax policies would be an unwarranted extension of the law, as well as a violation of common sense.

*Smith*, 954 F.2d at 347-348.

Defendant argues that *Smith* precludes the policies and procedures from being admitted at trial, citing *Tallman v. Elizabeth Police Dept.*, 167 Fed.Appx. 459, 466 n.9 (6th Cir. 2006). Specifically, Defendants argue that "'[w]hether or not [a police] Officer...violated a police policy is irrelevant for purposes of a claim pursuant to [§ 1983]' because the standard for civil liability is a constitutional one that is wholly distinct from some internal departmental policy or procedure." (D.E. 76, PageID 2136) (internal citations to *Tallman* 167 Fed.Appx. at 466 n.9 included)

The Court finds that *Tallman* is distinguishable because it dealt with a policy that *was in place to protect the police officer.* 167 Fed.Appx. at 466 n.9. For the purposes of a § 1983 claim, that type of violation is irrelevant. Here, the polices in question are in place, at least partially, to protect the public.

In response to Defendant's motion, Plaintiff cites *Alvarado v. Oakland County*, 809 F.Supp.2d 680, 690 n.5 (E.D. Mich. 2011), in which the court concluded that "[t]he Sixth Circuit in *Smith* did not rule that [city policies] could not be considered by a fact finder, only that they cannot be understood to define the constitutional boundaries by which an officer's conduct is to be judged." *Id*. at 690 n.5. Also, the *Alvarado* court's analysis and conclusion on the issues of whether,

8

and to what extent, an expert would be permitted to testify about a sheriff department's use-of-force polices and procedures is illustrative:

> In arguing that the [Oakland County Sheriff Department's] policies and procedures are irrelevant to a determination of whether Deputy Simpkins used excessive force in arresting Plaintiff, Deputy Simpkins relies on *Thompson v. City of Chicago*, 472 F.3d 44 (7th Cir. 2006). In *Thompson*, the Seventh Circuit upheld the district court's decision to exclude the Chicago Police Department's General Orders on the use of force, finding that the CPD General Orders, which state that they are merely intended to provide general guidance to officers on the reasonsableness of certain responses, "shed[ ] no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment give the infinite set disparate circumstances which officer might encounter. 572 F.3d at 454.
>
> Deputy Simpkinson's argument fails to acknowledge that, notwithstanding the concern expressed by the *Thompson* court as to the CPD General Orders, the court in *Thompson* did not denounce the trial court's admission of extensive "testimony concerning the CPD's policies and procedures [which] were ubiquitous during the proceedings." *Id*. at 455-56. The court noted that officers "testified at length concerning the CPD's use of force guidelines and answered a number of questions regarding what use of force would have been authorized in a situation like the one the [defendants] encountered with [plaintiff]." *Id*. at 456. Without discussing the basis for its distinction between the CPD "General Orders" and the CPD "Policies and Procedures," the court nonetheless affirmed the district court's decision to permit extensive discussion of the latter.
>
> Cases such as [*United States v. Eberle*, 2008 WL 4858438, at *1–3 (E.D.Mich. Nov. 10, 2008)] and [*Norman v. City of Lorain, Ohio*, 2006 WL 5249725 at *3 (N.D.Ohio Nov. 27, 2006)], which interpret applicable Sixth Circuit law, indicate that expert testimony regarding recognized police policies and procedures, and specifically continuum of force policies, are appropriate subjects of expert testimony, provided that the experts do not express legal conclusions based on their interpretation of the application of those policies in a particular case. Similarly, in [*Champion v. Outlook Nashville, Inc*., 380 F.3d 893, 908–09 (6th Cir.2004)], the Sixth Circuit countenanced expert testimony on the continuum of force guidelines as reflected in nationally recognized police standards. The Court concludes that Dr. Lyman may testify regarding nationally recognized police standards governing the use of excessive force, as well as the specific OCSD excessive force guidelines to which Deputy Simpkinson was subject.

809 F.Supp.2d at 690.

Based on this Court's review, district courts in the Sixth Circuit generally agree with

*Alvarado,* and allow evidence of police policies and procedures to be admitted with a limiting instruction. *See, e.g., McDonald v. City of Memphis*, 2016 WL 8201168 at *4 (W.D. Tenn. 2016) (finding that Internal Affair's conclusion that an officer violated an excessive force policy was relevant in determining whether a reasonable officer on the scene would have utilized the same amount of force); *Smith v. Jones*, 2016 WL 455617 at *9 (N.D. Ohio 2016) (partially denying post-trial motion for judgment as a matter of law and finding that testimony regarding general police policies, orders and procedures was not improper); *Luna v. Bell*, 2013 WL 12316066 at *6 (clarifying the Court's position that local and state polices are relevant to the issue of whether a defendant acted within constitutional bounds); *King v. Taylor*, 944 F.Supp.2d 548, 556 (E.D. Ky. 2013) (finding that testimony regarding the department's policies and procedures was relevant in determining whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him).

The Court concludes that evidence related to the Warren Police Department's policies and procedures regarding use of force are relevant to whether Officer Moran used reasonable force. However, the Court is also aware of the risk that these policies and procedures could mislead jurors about the appropriate standard to apply. For these reasons, the Court will deny Defendant's motion as it relates to the Department's use-of-force policies and procedures, and will order the parties to prepare an appropriate limiting instruction. This instruction will explain that a violation of a police department's policy does not necessarily amount to a constitutional violation.

### III. Plaintiff's Motion to Exclude Defendant's Expert Witnesses (D.E. 73)

There is only one more motion that the Court needs to address. Plaintiff seeks to exclude Defendant's expert witnesses because he failed to timely disclose full expert reports. (D.E. 73).

Under Fed. R. Civ. P. 26(a)(2)(B), a party must provide expert reports that contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(D) states that "a party must make these disclosures at the times and in the sequence that the court orders."

Fed. R. Civ. P. 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)...the party is not allowed to use that information or witness to supply evidence on motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, the Court-ordered deadline for expert witness disclosures, including the expert written reports, was September 15, 2017. (D.E. 33). Plaintiff has had the reports of the experts that Defendant intends to call at trial (Sergeant Phil Abdoo and Dr. Evan Halchishick) since December 2017—over ten months before trial. Plaintiff asserts that Defendant's expert disclosures are deficient because they were not submitted until December 2017 and are missing elements required by Rule 26(a)(2)(B) (e.g. no list of publications, statement of compensation, etc.).

At the hearing on this motion, defense counsel stated that she would investigate and cure any Rule 26 deficiencies in Defendant's expert disclosures (e.g. no list of publications, statement of compensation) by **noon on October 16, 2018.** If Defendant fails to fully comply with Rule 26

at that time, the Court will not allow him to call his expert witnesses.

## CONCLUSION AND ORDER

For the reasons above, the Court (1) DENIES WITHOUT PREJUDICE Plaintiff's Motion to Exclude Certain Exhibits from Trial (D.E. 70), Plaintiff's Motion to Exclude Certain Lay Witness Testimony from Trial (D.E. 72), Plaintiff's Motion to Exclude Certain Evidence Regarding Any Subsequent Lawsuit and/or Settlement from Trial (D.E. 74), and Plaintiff's Motion to Exclude Certain Evidence Regarding Substance Abuse From Trial (D.E. 75); (2) DENIES WITHOUT PREJUDICE Plaintiff's Motion to Exclude Certain Evidence Regarding Plaintiff's Criminal History and Alcohol Use (D.E. 77), except the Court DENIES this Motion to the extent it seeks to exclude evidence of Plaintiff's conviction of the underlying offense; (3) DENIES WITHOUT PREJUDICE Defendant's Motion in Limine, except the Court DENIES this Motion to the extent it seeks to exclude evidence of police department's use-of-force policies and procedures

The Court FURTHER ORDERS that the parties prepare a limiting instruction, which will adequately explain that a violation of a police department's use-of-force policy does not necessarily amount to a constitutional violation.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager