## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

NIKOS KIDIS,

     Plaintiff,

v.                                                    CASE NO: 2:16-cv-13070
                                                      HON: SEAN F. COX

JEAN REID and J. MORAN,
in their individual and official capacities,

     Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>ROBERT S. HUTH, JR. (P42531)<br>RAECHEL M. BADALAMENTI (P64361)<br>Attorneys for Defendants<br>19500 Hall Road, Ste. 100<br>Clinton Township, MI 48038<br>586-412-4900<br>586-412-4949-fax<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com |

## AMENDED PROPOSED JOINT CIVIL JURY INSTRUCTIONS

**<u>PRELIMINARY INSTRUCTIONS AT BEGINNING OF CIVIL TRIAL:</u>**

**<u>3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.)</u>**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Nikos Kidis. The party being sued is called the defendant. In this action, the defendant is City of Warren Police Officer John Moran.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. [*You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.*]

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes

unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.)**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. [If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.]

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.)**

After all the evidence has been heard and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

6

**3 Fed. Jury Prac. & Instr. § 101:11 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:11 (6th ed.)**

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

**3 Fed. Jury Prac. & Instr. § 101:12 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:12 (6th ed.)**

As far as your own conduct during the trial, I must caution you that you are not to discuss this case either among yourselves or with anyone else while the trial is ongoing.

You must not permit any third person to discuss this case in your presence, and if anyone does so, despite your telling them not to, you should report that fact to me. I understand that it is a normal human tendency to want to talk with people with whom one comes into contact; however, please do not, during the time you serve on this jury, speak, whether in or out of the courtroom, with any of the parties or their lawyers or any witnesses. By this I mean not only do not speak about the case but also do not speak at all even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and

9

my instructions on the law. You will then be in a position to intelligently and fairly exchange your views with other jurors as you deliberate upon the verdict to be submitted to you.

• Since you will be deciding this case solely on the evidence received along with my instructions on the law, you must not make any independent investigation of the facts or the law.

• Do not research any information that you personally think might be helpful to you in understanding the issues presented.

• Do not investigate this case on your own in any manner, shape or form.

• Do not read any newspaper reports or listen to any news reports on radio, television or on the Internet.

• Do not visit the scene—on or via the internet.

• Do not conduct experiments.

• Do not consult dictionaries, computers, websites or other reference materials for additional information.

• Do not seek information regarding the public records of any party, witness or lawyer in this case. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties would not have the opportunity to refute, explain or correct it.

• Do not communicate with anyone about this trial or your experience as a juror while you are serving on this jury.

• Do not use a computer, cell phone, or other electronic device with communication capabilities to share any information about this case. For example, do not communicate by blog, email, text message, Twitter, Facebook status update, or in any other way, on or off the computer.

• Do not permit anyone to communicate with you. If anyone does so despite your telling the person not to, you should report that to me. I appreciate that it is tempting when you go home in the evening to discuss this case with another member of your household or friends, but you may not do so. This case must be decided by you the jurors, based on the evidence presented in the courtroom. People not serving on this jury have not heard the evidence, and it is improper for them to influence your deliberations and decision in this case. After this trial is completed, you are free to communicate with anyone in any manner.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me.

## **3 Fed. Jury Prac. & Instr. § 101:13 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:13 (6th ed.)**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media,

even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.)**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

## 3 Fed. Jury Prac. & Instr. § 101:30 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:30 (6th ed.)

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

**3 Fed. Jury Prac. & Instr. § 101:31 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:31 (6th ed.)**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

**3 Fed. Jury Prac. & Instr. § 101:47 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:47 (6th ed.)**

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

1. On the day of the subject incident, Defendant Officer Moran was employed as an officer with the City of Warren Police Department.

2. Defendant Officer Moran was acting within the scope and course of his employment and was acting under color of law at all relevant times.

3. Plaintiff is not making a claim for lost wages.

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

## 3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:49 (6th ed.)

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**<u>3 Fed. Jury Prac. & Instr. § 102:45 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:45</u>**
**<u>(6th ed.)</u>**

Do not consider any stricken evidence. You must treat stricken evidence as though you had never heard or known of it.

## 3 Fed. Jury Prac. & Instr. § 102:70 (6th ed.), 3 Fed. Jury Prac. & Instr. § 102:70 (6th ed.)

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

## CV 2.01 – Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**Source:  W.D. Mich. Civ. J.I. 2.01**

**CV 2.02 - Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**Source:  W.D. Mich. Civ. J.I. 2.02**

22

**CV 2.03 - All Persons Equal Before the Law**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

**Source:  W.D. Mich. Civ. J.I. 2.03/ 3 Fed. Jury Prac. & Instr. § 103:11 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:11 (6th ed.)**

**Police Officer and Civilian Witness**

The testimony of a law enforcement officer should be considered by you just as any other evidence in this case. In evaluating the credibility of a police officer's testimony, you should use the same guidelines which you apply to the testimony of any other witness.

You should not give greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer.

**Source:  *United States of America v Boyd*, 54 F.3d 868, 872 (DC Cir. 1995)**

**CV 2.04 - Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted. Do not

speculate about what a witness might have said or what an exhibit might have shown. Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**Source:  W.D. Mich. Civ. J.I. 2.04**

**CV 2.05 - Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

**Source:  W.D. Mich. Civ. J.I. 2.05**

**CV 2.06 - Direct and Circumstantial Evidence**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is simply evidence like the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

"Indirect or Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be indirect or circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**Source:  W.D. Mich. Civ. J.I. 2.06/ 3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.)**

**CV 2.07 - Credibility of Witnesses**

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened? Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the

other.  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**Source:  W.D. Mich. Civ. J.I. 2.07**

**3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.)**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

**3 Fed. Jury Prac. & Instr. § 104:54 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:54 (6th ed.)**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**CV 2.08A - All Available Evidence Need Not Be Produced**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Source:  W.D. Mich. Civ. J.I. 2.08A**

**CV 2.08B - Single Witness**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**Source:  W.D. Mich. Civ. J.I. 2.08B**

**CV 2.08C - Not Required to Accept Uncontradicted Testimony**

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

**Source:  W.D. Mich. Civ. J.I. 2.08C**

**CV 2.14 - Lawyers' Objections**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**Source:  W.D. Mich. Civ. J.I. 2.14**

**CV 3.01 – Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claims against the defendants.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claims alleged in this case.

**Source:  W.D. Mich. Civ. J.I. 3.01**

**CV 3.02 - Preponderance of the Evidence**

The burden is on the plaintiff Nikos Kidis to prove every essential element of his claim by a preponderance of the evidence. If plaintiff Nikos Kidis should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant City of Warren Police Officer John Moran.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a

stricter standard that applies in criminal cases. It does not apply in civil cases such

as this.

**Source:  W.D. Mich. Civ. J.I. 3.02/ 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.)**

**CV 3.02A - Burden of Proof**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

**Source:  W.D. Mich. Civ. J.I. 3.02A**

**3 Fed. Jury Prac. & Instr. § 104:04 (6th ed.), 3 Fed. Jury Prac. & Instr. § 104:04 (6th ed.)**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

## NO AGREEMENT BY THE PARTIES:

### § 165.01 Nature of Action

**Defendant Proposes the following Instruction:**

Plaintiff Nikos Kidis claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff Nikos Kidis by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiff Nikos Kidis alleges that Defendant City of Warren Police Officer John Moran, a police officer with the Warren Police Department, subjected him to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free from the excessive use of force against Plaintiff's person during the course of an arrest.

Defendant City of Warren Police Officer John Moran denies that any of his actions during the time in question violated Plaintiff's constitutional rights. Defendant City of Warren Police Officer Moran maintains that he was acting in good faith and that his actions were reasonable.

**Source:  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Edition, §165.01/ 3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.)**

**Plaintiff does not agree with the deletion of "and/or unreasonable" from the second paragraph and proposes the following Instruction be given:**

Plaintiff Nikos Kidis claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to plaintiff Nikos Kidis by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiff Nikos Kidis alleges that Defendant City of Warren Police Officer John Moran, a police officer with the Warren Police Department, subjected him to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free from the excessive and/or unreasonable use of force against Plaintiff's person during the course of an arrest.

Defendant City of Warren Police Officer John Moran denies that any of his actions during the time in question violated Plaintiff's constitutional rights. Defendant City of Warren Police Officer Moran maintains that he was acting in good faith and that his actions were reasonable.

**Source: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Edition, §165.01/ 3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.)**

**Defendant responds that the Standard Civil Jury Instruction on this subject, 3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:1 (6th ed.), does not include the words "and/or unreasonable", such that it was not deleted, but is an addition of Plaintiff's.**

## NO AGREEMENT BY THE PARTIES:

**Plaintiff proposes:**

## The Fourth Amendment

Plaintiff claims that Defendant John Moran violated his rights under the Fourth Amendment to the United State Constitution. In pertinent part, the Fourth Amendment states that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...."

The use of unreasonable or excessive use of force by a police officer against a citizen violates the provision of the Fourth Amendment just read to you. When a police officer uses unreasonable or excessive force against a citizen, the citizen may then recover damages against the police officer under 42 U.S.C. Section 1983.

Every person has the constitutional right to be free from the unreasonable seizure of their person by a police officer under the Fourth Amendment to the United States Constitution. The excessive and/or unreasonable use of force is an unreasonable seizure. You must determine whether the seizures which you find took place were unreasonable and/or excessive.

You should take into account all of the facts and circumstances which were known or which should have been known by the defendant when you assess his liability to the plaintiff.

**Source:  Fourth Amendment to the United States Constitution; Davidson v O'Lone, 752 F.2d 817, 827 (3d Cir. 1984).**

**Defendant objects to the foregoing instruction, because it is duplicative of the following instruction, 3B Fed. Jury Prac. & Instr. § 165:10 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:10 (6th ed.), upon which the parties agree, giving the jury an appearance that greater importance is placed upon the instruction, which is confusing and misstates the law.**

**Plaintiff believes this instruction is clear, unambiguous, and an accurate reflection of the law.**

## Section 1983—Generally

The federal civil rights act under which Plaintiff Nikos Kidis brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment to the Constitution provides that

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall; any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States, every citizen has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.

Section 1983, the federal civil rights statute under which Plaintiff Nikos Kidis sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or customs, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

**Source:  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Edition, §165.10 (modified)/ 3B Fed. Jury Prac. & Instr. § 165:10 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:10 (6th ed.)**

I will now explain to you the elements that Plaintiff Nikos Kidis must prove with respect to his Fourth Amendment excessive/unreasonable use of force claim.

## NO AGREEMENT BY THE PARTIES:

**Defendant proposes:**

**§165.20 Essential Elements of Plaintiff's Claim Generally**

In order to prove Plaintiff's claim, the burden is upon Plaintiff Nikos Kidis to establish by a preponderance of the evidence each of the following elements:

First:  That Defendant police officer performed acts that operated to deprive Plaintiff of one or more of Plaintiff's Constitutional rights as defined and explained in these instructions by using excessive force against Plaintiff during the course of the Plaintiff's arrest;

Second: That Defendant police officer then and there acted under the color of state law; and

Third: That Defendant police officer's acts were the proximate cause of damages sustained by Plaintiff.

Because Defendant City of Warren Police Officer John Moran is an official of the City of Warren Police Department, and was at the time of the acts in question, Defendant City of Warren Police Officer John Moran was acting under color of state law. In other words, the second requirement of this standard has been met.  You must therefore determine the first and third requirements.

**Source:  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Edition, §165.20/ 3B Fed. Jury Prac. & Instr. § 165:20 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:20 (6th ed.)**

**Plaintiff's objections: "excessive force" needs to be changed to "excessive and/or unreasonable force;" the phrase "an official" needs to be changed to "a police officer."**

## NO AGREEMENT BY THE PARTIES:

**Plaintiff proposes:**
**Unreasonable or Excessive Force- Defined**

Under the Fourth Amendment of the Constitution of the United States, every citizen has the right to be free from unreasonable search and seizure, which includes the right to be free from excessive use of force of unlawful force.

There is no precise definition or formula available for determining whether the force is unlawful in a particular case. In determining whether a defendant used unlawful force, the relationship between the need and the amount of force that was used, whether the person poses an immediate threat to the safety of a defendant or others, and whether he is actively resisting detention are factors for you to consider in determining whether unlawful force was used on Plaintiff by Defendant.

Whether the force used by Defendant was reasonable must be judged from the perspective of an objectively reasonable law enforcement officer. It is your decision what force a reasonable law enforcement officer would have used which controls, not the state of mind of a defendant himself.

**Source: *Jennings v. Fuller*, 2017 U.S. Dist. LEXIS 77945 (E.D. Mich., May 23, 2017) (Judge Avern Cohn).**

**Defendant objects to the foregoing instruction because it incompletely and/or inaccurately states the law on this subject and because a standard federal civil jury instruction on this subject exists, as proposed by Defendant, such that this instruction would be duplicative of the proper instruction to be given, which follows.**

**Plaintiff requests that the instruction remain as written.**

## NO AGREEMENT BY THE PARTIES:

**Defendant proposes:**

**3B Fed. Jury Prac. & Instr. § 165:23 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:23 (6th ed.)**

Plaintiff Nikos Kidis claims Defendant City of Warren Police Officer John Moran used excessive force when he arrested plaintiff. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officers used excessive force, you may consider:

1. The extent of any injury suffered,

2. The need for the application of force,

3. The relationship between the need and the amount of force used,

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give

constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments—under circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether the defendant police officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find plaintiff Nikos Kidis has proven plaintiff's claim, you must then consider the defense of defendant police officer that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. As a matter of law, under the Constitution of the United States, every citizen has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that plaintiff Nikos Kidis has proved that Defendant City of Warren Police Officer John Moran knowingly violated the law regarding the plaintiff's constitutional rights, you must find for plaintiff .

If, however, you find that Defendant City of Warren Police Officer John Moran had a reasonable belief that his actions did not violate the constitutional rights of the plaintiff Nikos Kidis, then you cannot find Defendant City of Warren Police Officer John Moran liable even if the plaintiff's rights were in fact violated as a result of the Defendant City of Warren Police Officer John Moran's objectively reasonable action(s).

**Plaintiff's objections:  The prior objection proposed by Plaintiff is much more concise and accurately reflects the law, and is much less confusing; references to "lawful arrests" is inappropriate given that there is not a false arrest claim; and references to "excessive force" should be changed to "excessive and/or unreasonable force."**

**Defendant responds that the foregoing instruction proposed by Defendant, in lieu of an instruction crafted by Plaintiff from case law, is a standard federal civil jury instruction.  The reference to "lawful arrest" is appropriate, as the use of force not in the context of lawful arrest differs and, as conceded by Plaintiff, his arrest was lawful.**

## NO AGREEMENT BY THE PARTIES:

**Defendant proposes:**

The Plaintiff must prove by a preponderance of the evidence that Defendant City of Warren Police Officer John Moran was personally involved in the conduct that the Plaintiff complains about.  You may not hold Defendant City of Warren Police Officer John Moran liable for what other officers did or did not do.  Defendant City of Warren Police Officer John Moran's liability must be assessed individually based on his own actions.

**Source: Seventh Circuit Pattern Jury Instructions: Civil §7.02 (2010)**

**Plaintiff's objections:   This is a duplicative instruction; and the reference to personal involvement is also inappropriate.**

**Defendant responds that personal involvement is a requirement for liability on an excessive force claim, and that the instruction is a standard instruction of the Seventh Circuit on this topic.**

## NO AGREEMENT BY THE PARTIES:

**Defendant proposes:**

## Reasonableness of Force Used by a Police Officer

In analyzing the reasonableness of force used, you should consider the totality of the circumstances including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of Defendant City of Warren Police Officer John Moran or others, whether the suspect was actively resisting arrest or a flight risk, the number of lives at risk, the demeanor of the suspect and whether the individual was intoxicated and noncompliant.

Importantly, when considering the threat posed by a suspect, it is important to keep in mind that heavy intoxication creates a volatile situation. Drunk persons are generally unpredictable and that unpredictability creates a situation where it is not objectively unreasonable for the defendant police officer to take extra precautions.

When it is perceived necessary to subdue an intoxicated arrestee, police officers cannot be expected to proceed delicately.

Also, if an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed.

**Source:** *Gaddis v. Redford Twp*., 364 F.3d 763, 772 (6th Cir. 2004); *Berger v. New York*, 388 U.S. 41, 55 (1967); *Marvin v. City of Taylor*, 509 F.3d 234, 245-247 (6th Cir. 2008); and *Saucier v. Katz, 533 U.S. 194, 205-06 (2001).*

54

**Plaintiff's objections:  this is duplicative of other instructions and unnecessarily emphasizes Plaintiff's intoxication; also, the reference to "drunk persons" is inflammatory and patently offensive; and the instruction inappropriately tells the jury how intoxicated persons act.**

## No Specific Intent

Whether an officer's use of force in effecting an arrest violates the Fourth Amendment is a question of whether his actions are objectively reasonable in light of the facts and circumstances confronting him and without regard to the officer's underlying intent or motivation.

**Source:** *Hanson v. Madison Cnty. Det. Ctr.*, **2017 U.S. Dist. LEXIS 8867, \*20 (E.D. KY, 2017);** *Hopper v. Montgomery County*, **2017 U.S. Dist. LEXIS 16334, \*21 (S.D. Ohio, 2017);** *Scott v. Kent County*, **679 Fed. Appx. 435, 439 (6th Cir. 2017);** *Graham v. Connor*, **490 U.S. 386, 397 (1989);** *Kent v. Oakland County*, **810 F.3d 384, 390 (6th Cir. 2016).**

## CV 3.03A - Proximate Cause

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff Nikos Kidis, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff Nikos Kidis has the burden of proving proximate cause between the challenged conduct of Defendant Officer Moran and his injury or damage.  If you find plaintiff Nikos Kidis has not proved proximate cause by a preponderance of the evidence, you must return a verdict for Defendant Officer Moran.

**Source:  W.D. Mich. Civ. J.I. 3.03A/ 3B Fed. Jury Prac. & Instr. § 165:50 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:50 (6th ed.)**

## CV 3.04 - Consider Damages Only If Necessary

If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**Source:  W.D. Mich. Civ. J.I. 3.04**

## CV 3.04A - Damages - Reasonable - Not Speculative

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Source:  W.D. Mich. Civ. J.I. 3.04A**

## NO AGREEMENT BY THE PARTIES:

**Plaintiff proposes:**

## M Civ JI 50.01-50.06 Measure of Damages

If you decide that Plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly and adequately compensates him for each of the elements of damage which you decide has resulted from the misconduct of the defendants, taking into account the nature and extent of the injury.

You should include each of the following elements of damage which you decide has been sustained by Plaintiff Caron Spencer to the present time:

a.     physical pain and suffering;

b.     mental anguish;

c.     fright and shock;

d.     denial of social pleasures and enjoyments;

e.     embarrassment, humiliation or mortification;

f.     disability;

g.     reasonable expenses of necessary medical care, treatment and services;

You should also include each of the following elements of damage which you decide the plaintiff is reasonably certain to sustain in the future:

a.     physical pain and suffering;

b.     mental anguish;

      c.      fright and shock;

      d.      denial of social pleasures and enjoyments;

      e.      embarrassment, humiliation, and mortification;

      f.      disability;

      g.      reasonable expenses of necessary medical care, treatment and services;

If any element of damage is of a continuing nature, you shall decide how long it may continue. *(If element of damage is permanent in nature, then you decide how long the plaintiff is likely to live).

Which, if any, of these elements of damage has been proved is for you to decide based upon the evidence and not upon speculation, guess, or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved by a precise dollar amount. The law leaves such amount to your sound judgment.

**M Civ JI 50.01-50.06 (modified)**

**Defendant objects to the foregoing instruction because Federal Law, not state law, applies to this case and the Federal Civil Jury Instructions provide the proper instruction on the subject of compensatory damages at 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.).**

**Plaintiff maintains this instruction must remain.**

## Defendant Takes Plaintiff as He Finds Him

You are instructed that the Defendant takes the Plaintiff as he finds him.  If you find that the Plaintiff was unusually susceptible to injury, that fact will not relieve the Defendant from liability for any and all damages resulting to Plaintiff as a proximate result of Defendant's misconduct.

**Source:  M. Civ. JI. 50.10 (modified—"misconduct" replaced "negligence")**

## NO AGREEMENT BY THE PARTIES:

**Plaintiff proposes:**

## Compensatory Damages

If you find the issues in favor of Plaintiff Nikos Kidis, you must award an amount that will fairly and justly compensate him for any damages you believe he sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

You should consider the following elements of damages:

(a)  Physical pain and suffering;

(b)  Mental anguish;

(c)  The reasonable value, not exceeding the actual cost to the plaintiff, of medical care that you find will be reasonably certain to be required in the futures as a proximate result of the injuries in question.

Damages cannot be based on speculation.

**Source: Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit (2017), §17.70.**

**Defendant objects to the foregoing instruction because Federal Law, not state law, applies to this case and the Federal Civil Jury Instructions provide the proper instruction on the subject of compensatory and nominal damages at 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.), which follows and upon which the parties have agreed.**

**Plaintiff believes this instruction is appropriate and must be kept.**

**3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.)**

If you find for plaintiff Nikos Kidis, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff Nikos Kidis for the injury or damage that you believe was proximately caused by Defendant Officer John Moran. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable cost of plaintiff's medical care and hospitalization;

2. Plaintiff's physical or emotional pain and mental anguish; and

3. Punitive damages, if any, as explained in my instructions.

If you find for plaintiff Nikos Kidis, but you find plaintiff Nikos Kidis has failed to prove he sustained any injury or damage, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages flow from the deprivation.

## NO AGREEMENT BY THE PARTIES:

**Plaintiff proposes:**

## § 165.70 Nominal Damages

If you find for Plaintiff, but you find that the plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages flow from deprivation.

**Source:  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Edition, §165.70.**

**Defendant objects to the foregoing instruction because Federal Law, not state law, applies to this case and the Federal Civil Jury Instructions provide the proper instruction on the subject of compensatory and nominal damages at 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:70 (6th ed.).**

**Plaintiff believes this instruction is appropriate and makes the damages instructions complete.**

## § 165.71 Punitive Damages

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against Defendant City of Warren Police Officer John Moran, and if you find Defendant City of Warren Police Officer John Moran's conduct was reckless or callously indifferent to Plaintiff's constitutional rights, then, in addition to any other damages to which you find Plaintiff is entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish defendant or deter Defendant and others from like conduct in the future. Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion.

**Source:  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, 5th Edition, §165.71**

## NO AGREEMENT BY THE PARTIES:

**Defendant proposes:**

**3B Fed. Jury Prac. & Instr. § 165:72 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:72 (6th ed.)**

If you find plaintiff Nikos Kidis was injured as a result of conduct by Defendant City of Warren Police Officer John Moran in violation of Section 1983, you must determine whether plaintiff could have done something to lessen the harm suffered. Defendant City of Warren Police Officer John Moran has the burden to prove by a preponderance of the evidence that plaintiff could have lessened or reduced the harm done to plaintiff and that plaintiff failed to do so.

If defendant establishes by a preponderance of the evidence that plaintiff Nikos Kidis could have reduced the harm done to plaintiff but failed to do so, plaintiff is entitled only to damages sufficient to compensate for the injury that he would have suffered had plaintiff taken appropriate action to reduce the harm.

**Plaintiff objects to this instruction because it is wholly inapplicable to the facts of the case and the cause of action at issue.**

**Defendant responds that the foregoing instruction is a standard Civil Jury Instruction, 3B Fed. Jury Prac. & Instr. § 165:72 (6th ed.), 3B Fed. Jury Prac. & Instr. § 165:72 (6th ed.), applicable to claims for the use of excessive force under 42 USC 1983. Defendant further responds that it is applicable to the facts of this case, as an instruction on comparative fault. Defendant cannot be liable for any harm resulting from Plaintiff's own actions and/or inactions, ie: alleged injuries sustained during his flee from police and over two barbed wire fences, injuries allegedly resulting from attempts to handcuff Plaintiff where he testified that officers "did what they had to do" to effect an arrest and in regards to treatment sought (or not sought).**

## Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**Source: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 5th Ed, §l06.02.**

**CV 4.01 – Introduction**

That concludes the part of my instructions explaining the elements of the claims made by plaintiff and how to calculate damages if you find that damages should be awarded. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**Source:  W.D. Mich. Civ. J.I. 4.01**

**CV 4.02A - Stipulations of Fact**

The parties have agreed to certain facts that have been given to you. You should therefore treat these facts as having been proved.

**Source:  W.D. Mich. Civ. J.I. 4.02A**

## CV 4.05 - Testimony Of Expert Witness

During the trial you heard the testimony of [name], who was described as an expert in [field]. This witness was permitted to testify even though this person did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness['s'] background of training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness['s'] opinions were based on sound reasons, judgment, and information.

**Source:  W.D. Mich. Civ. J.I. 4.05**

**Plaintiff objects because this is duplicative of a prior instruction.**

## CV 4.05A - Compensation of Expert Witnesses

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

It is not improper for a witness who gave an opinion to be compensated for services. It is a customary and accepted procedure. No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

During the trial you heard the testimony of [name], who was described as an expert in [field]. This witness was permitted to testify even though this person did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness['s'] background of training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness['s'] opinions were based on sound reasons, judgment, and information.

**Source:  W.D. Mich. Civ. J.I. 4.05A**

## CV 4.07 - Impeachment - Inconsistent Statement

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

**Source:  W.D. Mich. Civ. J.I. 4.07 (modified).**

## CV 4.08 - Impeachment by Prior Inconsistent Statement Not Under Oath

You have heard the testimony of [name]. You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating this witness's testimony here in court.

**Source:  W.D. Mich. Civ. J.I. 4.08**

**3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:50 (6th ed.)**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I

have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: [quote]]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

## CV 9.02 - Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court. The instructions I have given you throughout trial also apply to your deliberations. Do not try to gather any information about the case on your own. Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as "Twitter" to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that

I am giving you now and that I gave you throughout the trial. Make your decision based only on the evidence that you saw and heard here in court.

**Source:  W.D. Mich. Civ. J.I. 9.02**

## CV 9.04 - Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations. For example, some of you may need to think quietly while others may want to openly discuss their thoughts. It may take more time for some of you, than for others, to reach a decision. Be patient and considerate of each other's needs as you deliberate. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

**Source:  W.D. Mich. Civ. J.I. 9.04**

**3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.), 3 Fed. Jury Prac. & Instr. § 106:08 (6th ed.)**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## CV 9.04A - Notes

During the trial, I permitted you to take notes and I have noticed that several of you have done so.  As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented.  Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

**Source:  W.D. Mich. Civ. J.I. 9.04A**

## CV 9.05 - Verdict Form

I have prepared a verdict form for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be the unanimous decision of all of you.  When all of you agree upon a verdict, it will be received as your verdict.  [EXPLAIN FORM]

Your foreperson should sign and date the verdict form.

After the verdict form is completed, your foreperson should give a written note to the bailiff.  That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdicts.

**Source:  W.D. Mich. Civ. J.I. 9.05 (modified—reference to multiple plaintiffs deleted; reference to multiple verdict forms deleted).**

**3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.), 3 Fed. Jury Prac. & Instr. § 106:07 (6th ed.)**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## CV 9.09 - Court Has No Opinion

Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.

**Source:  W.D. Mich. Civ. J.I. 9.09**