UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nikos Kidis,

    Plaintiff,

v.   Case No. 16-13070

John Moran,   Sean F. Cox
        United States District Court Judge

    Defendant.
_____/

# ORDER DENYING
# DEFENDANT'S MOTION FOR RECONSIDERATION (ECF No. 143)

In this excessive force case, a jury returned a verdict in favor of Plaintiff Nikos Kidis and against Defendant John Moran. The jury awarded $1 in compensatory damages and $200,000 in punitive damages. After the verdict, Moran moved for a remittitur or a new trial, arguing that the punitive damage award was unconstitutionally excessive. (ECF No. 125). The Court denied this motion in an Opinion and Order issued on April 16, 2019 (ECF No. 139). On April 30, 2019, Moran filed the instant motion, asking the Court to reconsider its April 16, 2019 Opinion and Order. (ECF No. 143).

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

1

*See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford Moran an opportunity to present the same issues that have been already ruled on by the Court, either expressly or by reasonable implication. Nor does a motion for reconsideration afford Moran an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). The Court concludes that, with respect to Moran's Motion for Reconsideration, neither a response brief nor a hearing is necessary.

Again, in order to grant a motion for reconsideration, Moran must demonstrate a palpable defect by which the Court has been misled and must also show that correcting the defect will result in a different disposition of the case. After reviewing Moran's Motion for Reconsideration, the Court concludes that he has not met that standard.

Moran raises three arguments in his motion. First, he argues that the Court erred in concluding that Moran's conduct was reprehensible because only one of the five factors from *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) was present in this case. *See Bridgeport Music, Inc., v. Justin Combs Pub.*, 507 F.3d 470, 486 (6th Cir. 2007) ("The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect.") (quoting *State Farm*, 538 U.S. at 419). However, the Court concludes that, at the very least, two factors were present: Moran's tortious conduct evinced an indifference to, or reckless disregard for, Kidis's health and safety, and Moran acted with intentional malice. *See* Trial Tr. vol. 3, 23:5-9 (Kidis testifying that,

2

during the beating, Moran stated, "We're going to teach you for running, motherfucker. We're going to get you."). Thus, Moran's first argument does not demonstrate a palpable defect that necessitates correction.

Next, Moran argues that the Court erred by comparing this case to a series of Second Circuit cases that "involved a finding of physical injury," and notes that, even in the cases cited by the Court, no court "approve[d] of a punitive award at or above $200,000 against a single police officer." In making this argument, Kidis reargues the applicability of those cases cited by the Court. The Court notes that most of the cases that Moran takes issue with were originally cited by Kidis in his response to Moran's motion for remittitur, and that Moran had ample opportunity to distinguish these cases in his reply brief. In fact, Moran attempted to preemptively distinguished some in his motion, itself. (ECF No. 125, PageID 4413-4415). A motion for reconsideration will not stand as a third chance to argue the applicability of this case law. The Court concludes that Moran's second argument does not demonstrate a palpable defect that necessitates correction.[1]

Finally, Moran argues that the Court erred by "categorically rejecting" a single-digit punitive-to-compensatory ratio. However, Moran's mere disagreement with the Court's conclusion does not, itself, establish a palpable defect that necessitates correction.

For these reasons, the Court concludes that Moran has not met his burden under Local Rule 7.1(h)(3). Accordingly, his motion for reconsideration is **DENIED**.

---

[1] Moran also cites several new cases as comparable to this case. (ECF No. 143, PageID 5792-5793). The Court concludes that none of these cases change the analysis of its April 16, 2019 Opinion and Order.

**IT IS SO ORDERED**.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: May 16, 2019