# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

NIKOS KIDIS,

    Plaintiff,

v.

                  CASE NO: 2:16-cv-13070
                  HON: SEAN F. COX

J. MORAN,
in his individual and official capacity,

    Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>ROBERT S. HUTH, JR. (P42531)<br>RAECHEL M. BADALAMENTI (P64361)<br>Attorneys for Defendants<br>19500 Hall Road, Ste. 100<br>Clinton Township, MI 48038<br>586-412-4900<br>586-412-4949-fax<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com |
|---|---|

## PLAINTIFF'S MOTION FOR A WRIT OF EXECUTION

    **NOW COMES** Plaintiff, by and though his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his *Motion for a Writ of Execution*, states as follows:

1.    The instant matter is a police misconduct case that was brought pursuant to 42 U.S.C. 1983 and 1988.

2. This Honorable Court presided over a jury trial which commenced on October 17, 2018 and concluded on October 25, 2018.

3. On October 25, 2018, the jury reached a verdict in Plaintiff's favor and made the following award: $1.00 in compensatory damages and $200,000.00 in punitive damages. **[D/E #111].**

4. On November 13, 2018, this Honorable Court entered a Judgment in favor of Plaintiff and against Defendant Moran as follows: $1.00 is awarded to plaintiff for nominal damages; $200,000 is awarded to plaintiff for punitive damages; and statutory costs, fees, attorney fees, and interest may be separately entered. **[D/E #114].**

5. On December 6, 2018, the Clerk taxed costs in the amount of $4,034.22 against Defendant Moran. **[D/E #123].**

6. After the jury returned a verdict in favor of Plaintiff, the ensuing months involved various post-trial motions, the majority of which were filed by Defendant Moran.

7. After ruling on the various post-trial motions, this Honorable Court entered an Amended Judgment on April 16, 2019 in favor of Plaintiff and against Defendant Moran. **[D/E #142].**

8. The Amended Judgment set forth the following: $1.00 was awarded to Plaintiff for nominal damages; $200,000.00 was awarded to Plaintiff for punitive

damages; $143,787.97 was awarded for reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988(b); and taxed costs were awarded in the amount of $4,034.22. **[D/E #142].**

9. Defendant Moran subsequently filed a Motion for Reconsideration **[D/E #143]** which was denied by this Honorable Court on May 16, 2019. **[D/E #144].**

10. Defendant Moran filed his *Notice of Appeal* on June 14, 2019. **[D/E #145].**

11. Notably, Defendant Moran has neither requested a stay of the district court proceedings nor has he obtained a supersedeas bond.

12. Federal Rule of Civil Procedure ("FRCP") 62(a) states "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."

13. More than thirty (30) days have passed since the entry of the Amended Judgment in favor of Plaintiff, which was issued on April 16, 2019. **[D/E #142].**

14. As previously stated, Defendant Moran filed his *Notice of Appeal* on June 14, 2019 **[D/E #145];** but has taken no other action in the district court or the appellate court to stay the proceedings or otherwise obtain or post a supersedeas bond.

15. Federal Rule of Civil Procedure 62(b) states as follows: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

16. Federal Rule of Civil Procedure 69(a)(1) states in pertinent part that "A money judgment is enforced by a writ of execution, unless the court directs otherwise."

17. Plaintiff must be protected and assured that he will be able to collect on the Amended Judgment in this case by either being allowed to execute on the Judgment or by Defendant obtaining an approved supersedeas bond.

18. Concurrence for this Motion was sought on July 17, 2019; but was denied.

**WHEREFORE,** Plaintiff hereby respectfully requests this Honorable to enter a writ of execution so that Plaintiff may proceed to execute on the Amended Judgment; or in the alternative, order Defendant Moran to obtain a supersedeas bond for 1.5 times the total amount set forth in the Amended Judgment which would be $521,734.79. Such amount will ensure that Plaintiff is adequately protected for not only the amounts set forth in the Amended Judgment, but will also be anticipated to cover all post-trial, appeal, and other requisites costs, interest, and related expenses.

        Respectfully Submitted,

        CHRISTOPHER TRAINOR & ASSOCIATES
        **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated: July 17, 2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

NIKOS KIDIS,

    Plaintiff,

v.                                             CASE NO: 2:16-cv-13070
                                                   HON: SEAN F. COX

J. MORAN,
in his individual and official capacity,

    Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE &<br>BADALAMENTI, PLC<br>ROBERT S. HUTH, JR. (P42531)<br>RAECHEL M. BADALAMENTI (P64361)<br>Attorneys for Defendants<br>19500 Hall Road, Ste. 100<br>Clinton Township, MI 48038<br>586-412-4900<br>586-412-4949-fax<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR A WRIT OF EXECUTION

**I.**     **OVERVIEW**

    This police misconduct case proceeded to a jury trial in which the jury rendered a verdict in Plaintiff's favor and made the following award: $1.00 in compensatory damages and $200,000.00 in punitive damages. **[D/E #111].** A duly issued Judgment subsequently followed and contained the following provisions: $1.00 is awarded to Plaintiff for nominal damages; $200,000 is awarded to Plaintiff

for punitive damages; and statutory costs, fees, attorney fees, and interest may be separately entered. **[D/E #114].**

On December 6, 2018, the Clerk also taxed costs against Defendant Moran in the amount of $4,034.22. **[D/E #123].** The months following the entry of the November 13, 2018 Judgment involved various post-trial motions, most of which were filed by Defendant Moran. After ruling on the various post-trial motions, this Honorable Court entered an Amended Judgment on April 16, 2019. **[D/E #142].** The Amended Judgment set forth the following: $1.00 was awarded to Plaintiff for nominal damages; $200,000.00 was awarded to Plaintiff for punitive damages; $143,787.97 was awarded for reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988(b); and taxed costs were awarded in the amount of $4,034.22. **[D/E #142].**

On June 14, 2019, Defendant Moran filed his *Notice of Appeal*. **[D/E #145].** The appeal is currently in the Sixth Circuit Court of Appeals and is in the briefing stages. Notably, Defendant Moran has neither requested a stay of the district court proceedings nor has he obtained a supersedeas bond. Therefore, Plaintiff requests a writ of execution as to Defendant Moran's real property, personal property, and/or any other assets that would satisfy the judgment against him.

## II. LEGAL ARGUMENTS

### A. Defendant Moran Did Not Avail Himself of the Protections of Federal Rule of Civil Procedure 62.

Federal Rule of Civil Procedure ("FRCP") 62(a) states in pertinent part:

> **(a) Automatic Stay.** Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are **stayed for 30 days after its entry**, unless the court orders otherwise. . . . (Emphasis added).

Therefore, according to the plain language of FRCP 62(a), an automatic stay of thirty (30) days exists with respect to the "execution" or any "proceedings" taken to enforce a judgment; subject only to various exceptions which are not applicable in the instant case.

The Amended Judgment in this case was issued on April 16, 2019, and sets forth an award in favor of Plaintiff and against Defendant Moran in the amount of $347,823.19. **[D/E #142].** It should be noted that this amount does not include any post-judgment interest or costs or attorney fees, which continue to accrue. In the thirty (30) days following the entry of the Amended Judgment, Defendant Moran took absolutely no action to protect himself from execution of the Amended Judgment. Instead, on the fourteenth day after the entry of the Amended Judgment (April 30, 2019), Defendant Moran filed *Defendant's Motion for Reconsideration of the April 16, 2019 Opinion and Order Denying Defendants' Motion For Remittitur Or A New Trial*. **[D/E #143].** Sixteen days later (May 16, 2019), this Honorable

7

Court entered an *Order Denying Defendant's Motion for Reconsideration*. **[D/E #144].** Then, Defendant Moran waited an additional twenty-nine (29) days before he filed his *Notice of Appeal*. **[D/E #145].** Still, as of the filing of the instant Motion, and all of the time that has passed since the entry of the Amended Judgment, Defendant Moran has still failed to take any measures to stay the case; pay the Amended Judgment; or obtain a supersedeas bond.

### B. Plaintiff is Entitled to a Writ of Execution

At this juncture, there is no question that Plaintiff has obtained a significant money judgment in his favor and against Defendant Moran. As of this writing, the thirty (30) day waiting period set forth in FRCP 62(a) has long expired, with Defendant Moran having not taken a single step to protect himself from Plaintiff executing on the Amended Judgment issued on April 16, 2019. Therefore, Plaintiff seeks a writ of execution on the Amended Judgment, which typically follows a judgment for the payment of money. *See generally, Parks v. Laface Records*, 2019 U.S. App. LEXIS 13929, *3 (6th Cir. 2019). **(Exhibit A).**

As to the execution of a Judgment, FRCP 69 controls; and FRCP 69(a)(1) states as follows:

> **(1) Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where

>the court is located, but a federal statute governs to the extent it applies.

The above-cited federal procedural rule states that a money judgment is enforced by a write of execution; and that the procedure as to execution must be in accord with the procedure of the state where the Court sits, which in this case is Michigan.

In turn, Michigan Court Rule ("MCR") 2.621(A) provides in pertinent part, "When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action . . . (2) obtain relief supplementary to judgment under MCL 600.6101-600.6143 and (3) obtain other relief in aid of execution authorized by statute or court rule." MCL 600.6104(3) and (5) states as follows:

>After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding: . . . (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution; . . .and (5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

A judgment creditor can therefore execute against the personal property of the judgment debtor as set forth in MCL 600.6017, a copy of which is attached as **Exhibit B.** Likewise, a judgment creditor may execute against real property, as set forth in MCL 600.6018, which is attached herein as **Exhibit D.**

. With respect to the property of a judgment debtor (and his/her dependents) that is exempt from levy and sale under an execution, that statutory list is set forth in MCL 600.6023 and that statute is attached herein as **Exhibit C.**

Additionally, under MCL 600.6110(1), the Court can order a judgment debtor "to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor." A judgment creditor is entitled to "a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Int'l Inc*., 160 F.3d 428, 430 (8th Cir. 1998). To that end, the Court may restrain the judgment debtor from transferring, disposing of, or interfering with any property that may be subject to the judgment. *See generally* MCL 600.6116(1).

Clearly, the Court is afforded with wide discretion when dealing with issues involving collection efforts relating to judgments. Ninety-two (92) days have passed since the entry of the Amended Judgment in this case, and Defendant Moran has done nothing to either pay the judgment; stay the case so as to preclude execution of the judgment; nor has he posted a supersedeas bond. Therefore, Plaintiff respectfully requests that this Court issue a writ of execution to Plaintiff.

### C. In the Alternative, the Court Could Permit Defendant Moran to Post a Supersedeas Bond.

For reasons only known to him, Defendant Moran has not undertaken any steps since the entry of the April 16, 2019 Amended Judgment, to stay the case or otherwise ensure that collection efforts are not taken against him. Furthermore, the right to a stay is expressly contingent upon the posting of a court-approved supersedeas bond. *Enserch Corp. v. Shand Morahan and Co.*, 918 F.2d 462, 463-464 (5th Cir. 1990).

In this case, Defendant Moran has not taken any steps to secure a supersedeas bond; therefore, Plaintiff is entitled to collect on the Amended Judgment and obtain a writ of execution regarding same. However, if this Honorable Court is reluctant to enter a writ of execution in favor of Plaintiff, then Plaintiff requests that Defendant Moran be ordered to post a supersedeas bond for 1.5 times the amount set forth in the April 16, 2019 Amended Judgment, which would cover not only the amounts set forth in the Amended Judgment, but accruing interest on the judgment; costs and fees related to post-judgment motion practice; as well as costs and fees related to the appeal that Defendant Moran has taken in the Sixth Circuit for which Plaintiff must now defend.

Federal Rule of Civil Procedure 62(b) states as follows:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. . . .

11

Generally, a party that posts a proper supersedeas bond is entitled to a stay as a matter of course. *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966).

As the Sixth Circuit Court of Appeals has explained, a supersedeas bond has a specific purpose:

> The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to undergo execution on a judgment during the course of an ineffectual appeal.

*Hall v. Consol. Freightways Corp. of Del.*, 142 F. App'x. 875, 879 (6th Cir. 2005). Obviously, one of the purposes of the supersedeas bond in this case would be to ensure that Plaintiff's right to collect on the Amended Judgment would be protected, especially in the case where the Defendant is an individual and nor a corporate entity or municipality.

Stated another way, the purpose of Rule 62 is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed. *Cohen v. Metro Life Ins. Co.*, 334 F. App'x. 375, 378 (2nd Cir. 2009).

In light of the above, in the event that the Court is reluctant to issue a writ of execution to Plaintiff, then Defendant Moran should be ordered to post a supersedeas bond in the amount of 1.5 times the amount set forth in the April 16, 2019 Amended Judgment, which would cover not only the amounts set forth in the Amended Judgment, but accruing interest on the Judgment; costs and fees related to post-judgment motion practice; as well as costs and fees related to the appeal that Defendant Moran has taken in the Sixth Circuit, and to which Plaintiff is now required to defend.

## III.     CONCLUSION

In light of the arguments and caselaw set forth herein, Plaintiff respectfully requests the relief as sought herein.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  July 17, 2019
SCC/

**PROOF OF SERVICE**

I hereby certify that on July 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***all attorneys of record,*** and I hereby certify that I have mailed by United States Postal Service, the paper to the following non-ECF participants: ***None.***

s/ Shawn C. Cabot
SHAWN C. CABOT (P64021)
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com