UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nikos Kidis,

    Plaintiff,

v.                                                                      Case No. 16-13070

John Moran,                                                   Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO STAY (ECF No. 147) AND PLAINTIFF'S MOTION FOR A WRIT OF EXECUTION (ECF No. 148)**

Following a jury trial and several post-trial motions, this Court entered an amended judgment in Plaintiff's favor against Defendant in the aggregate amount of $347,823.19. (ECF No. 142). Defendant appealed. (ECF No. 145). Now, Defendant has filed a motion to stay the judgment pending appeal, without a supersedeas bond, (ECF No. 147), and Plaintiff has filed a motion for a writ of execution. (ECF No. 148).

Because Defendant has not shown that extraordinary circumstances exist in this case or adequately articulated why a stay is appropriate, the Court will deny the motion to stay. And because Plaintiff has not followed the Court's typical procedure for seeking a "writ of execution," the Court will deny that motion too.

**I.    Motion to Stay**

Defendant argues that a stay is appropriate under Fed. R. Civ. P. 62(d) and Fed. R. App. P. 8(a). The Court will address each rule in turn.

1

A.   Rule 62(d)

Fed. R. Civ. P. 62(d) provides:

(d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).[1] The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Thus, "[p]ursuant to Rule 62(d), if an appeal is pending, a party may obtain a stay on the judgment by posting a supersedeas bond." *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 350 (E.D. Mich. 1998). As the district court in *Hamlin* explained:

This entitles an appellant to a stay pending appeal as a matter of right. *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966). However, this right is expressly contingent upon the posting of a court approved supersedeas bond. Thus, "Rule 62 establishes the general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan and Co.*, 918 F.2d 462 (5th Cir. 1990).

*Id*. at 351. The *Hamlin* court further explained the dual protective role of Rule 62(d):

The framework of Rule 62(d) represents a balancing of both parties' interests, in that it preserves the status quo while also protecting the appellee's rights. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove*, 600 F.2d at 1191. However, to preserve this right, the appellant must forego the use of the bond money during the appeal period.

For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988), *Moore v. Townsend*, 577 F.2d 424, 427 (7th Cir. 1978) (citing *Weiner v. 222*

---

[1] Rule 62(a)(1) and (2) pertain to judgments or orders that provide injunctive relief or direct an accounting in an action for patent infringement. Neither is at issue in this case.

*East Chestnut St. Corp.*, 303 F.2d 630, 634 (7th Cir. 1962)). Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellee's right to have a bond posted.

*Id*. "Because of Rule 62(d)'s dual protective role, a full supersedeas bond *should almost always be required.*" *Id*. (emphasis added); *see also Journey Acquisition-II, L.P. v. EQT Prod. Co.*, 2015 WL 4994500 (E.D. Ky. 2015).

Notwithstanding the "mandatory language" of Rule 62(d), courts have construed the bond requirement to be discretionary. *Hamlin, supra,* at 353. "To overcome the presumption that a bond is required, courts within this Circuit have looked to whether 'extraordinary circumstances' exist." *Journey Acquisition, supra, at \* 1*; *see also Ordos City Hawtai Autobody Company, Ltd. v. Dimond Rigging Company, LLC*, 2016 WL 8257782 (E.D. Mich. 2016); *Dubac v. Green Oak Township*, 2010 WL 3908616 (E.D. Mich. 2010); *Eb-Bran Prods., Inc. v. Warner Elektra Atlantic, Inc*., 2006 WL 1851010 (E. D. Mich. 2006).

Having considered Defendant's motion, the Court concludes that Defendant has not identified any extraordinary circumstances that would support a bond waiver. Accordingly, Defendant is not entitled to his requested relief under this rule.[2]

**B.    Fed. R. App. P. 8(a)**

Moreover, the Court concludes that Defendant has failed to show that, to the extent applicable, the factors considered under Fed. R. App. P. 8(a) support the granting of his motion.

---

[2]Defendant also argues that a stay is appropriate because "the City of Warren has adequate resources to cover all or a portion of the judgment based on the terms of [Defendant's] collective bargaining agreement and/or any agreement reached internally." (ECF No. 147, PageID 5865). An argument regarding the appellant's manifest ability to pay is common in motions to stay a judgment pending appeal. *See, e.g., Arban v. West Pub. Corp*., 345 F3d 390, 409 (6th Cir. 2003). However, the City of Warren is not, and has never been, a party to this case; its financial well-being is irrelevant.

Under that rule, the Court considers the same four factors traditionally used in evaluating a request for a preliminary injunction: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The factors are not prerequisites, but rather "interrelated considerations that must be balanced together." *Id*. "[T]he movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist." *Id*. at 154.

Simply put, Defendant does not adequately articulate how any of these factors weigh in his favor. He states that he is "likely to prevail" on at least one of the myriad of issues that he raises on appeal, but does not articulate *at all* why he believes that. He states that he will suffer irreparable harm if a stay is not issued "because he will effectively lose his right of appeal and affirm the validity of the judgment in the event of execution" but cites no authority for this proposition. And he merely assumes that granting the stay will not harm other people or the public interest. In sum, he provides no specific facts supporting his assertions that any of the factors weigh in his favor, and the Court is unable to discern how it could possibly reach that conclusion on its own. Accordingly, the Court concludes that he is not entitled to relief under this rule.

## II. Motion for Writ of Execution

Plaintiff has filed a motion for a writ of execution, seeking to enforce the amended judgment by seizing Defendant's property. In doing so, Plaintiff has not complied with the Court's typical practice and procedure. Usually, a party does not receive this type of order by "motion," and, in the

Court's experience, only the Government receives a "writ of execution." Instead, Plaintiff should have filed a form from the State of Michigan titled "Request and Order to Seize Property," (MC 19), and docketed this event as a "Request to Seize Property." Because Plaintiff has not done so, the Court will deny this motion.

## CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion for a stay (ECF No. 147) and **DENIES** Plaintiff's motion for a writ of execution (ECF No. 148).

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge