# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

NIKOS KIDIS,

      Plaintiff,

v.

                                        CASE NO: 2:16-cv-13070
                                        HON: SEAN F. COX

J. MORAN,
in his individual and official capacity,

      Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | ROBERT S. HUTH, JR. (P42531) |
| SHAWN C. CABOT (P64021) | RAECHEL M. BADALAMENTI (P64361) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 9750 Highland Road | 19500 Hall Road, Ste. 100 |
| White Lake, MI 48386 | Clinton Township, MI 48038 |
| (248) 886-8650 | 586-412-4900 |
| shawn.cabot@cjtrainor.com | 586-412-4949-fax |
| | rhuth@khlblaw.com |
| | rbadalamenti@khlblaw.com |

## PLAINTIFF'S MOTION FOR RELEASE OF FUNDS FROM THE SUPERSEDEAS BOND POSTED BY DEFENDANT MORAN

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his *Motion for Release of Funds from the Supersedeas Bond Posted by Defendant Moran* hereby states as follows:

1.    On April 16, 2019, this Court entered an *Amended Judgment* against Defendant Moran.  **(ECF No. 142, PageID.5775).**  The *Amended Judgment* set forth the following:

(a)    $1.00 is awarded to plaintiff for nominal damages;

(b)    $200,000.00 is awarded to plaintiff for punitive damages;

(c)    $143,787.97 is awarded in reasonable attorney fees and costs; and

(d)    Taxed costs are awarded in the amount of $4,034.22.

3.    Defendant Moran appealed the *Amended Judgment* as well as all of this Court's post-trial decisions to the Sixth Circuit Court of Appeals.

4.    While the case was pending on appeal in the Sixth Circuit, on February 18, 2020, this Court ordered that Defendant Moran post a supersedeas bond in the amount of $435,000.00. **(ECF No. 161, PageID.6006-6007).**

5.    On February 20, 2020, this Court entered an *Order Regarding Posting Approved Supersedeas Bond with the Court Clerk*. **(ECF No. 162, PageID.6008).** The last sentence of the Order states, "[o]nce deposited, the funds shall not be distributed until further order of this Court." *Id*.

6.    On September 25, 2020, the Sixth Circuit Court of Appeals issued its Opinion and Judgment regarding Defendant Moran's appeal. **(ECF No. 165-2, PageID.6056-6079).**

7.    The Judgment of the Sixth Circuit Court of Appeals stated that the punitive damages portion of the district court's judgment was reversed and remanded for further proceedings consistent with the opinion and instructions of the appellate court. However, the Judgment issued by the Sixth Circuit also stated that "the

remainder of the district court's judgment is AFFIRMED."   **ECF No. 165-2, PageID.6079).**

8.      Regarding the reduction of the jury's punitive damages award of $200,000, the Sixth Circuit stated, "At most, it sanctions a $50,000 award.  We therefore reduce the award to that amount."  **(ECF No. 165-2, PageID.6066).**

9.      However, the decision by the Sixth Circuit left undisturbed, the other aspects of this Court's Amended Judgment: (i) the $1.00 in nominal damages; (ii) the $143,787.97 in reasonable attorney fees and costs; and (iii) the $4,034.22 in taxed costs.

10.     While the Court has not yet determined the amount it will ultimately award Plaintiff in punitive damages in light of the Sixth Circuit's Opinion and Judgment as to remittitur, nor has it yet ruled on *Plaintiff's Motion for Additional Attorney Fees, Costs, and Interest* which was filed on October 8, 2020 **(ECF No. 165, PageID.6035-6053)**; payment on the remaining part of the *Amended Judgment* should not be delayed any further since those remaining amounts are sums certain.

11.     The amounts set forth in the *Amended Judgment*, with the exception of the punitive damages award, are due and owing, and Defendant has had over thirty (30) days to pay same; but has not.

12.     Plaintiff sought concurrence from opposing counsel regarding the instant Motion; but concurrence was not obtained.

**WHEREFORE,** Plaintiff respectfully requests that the instant Motion be granted.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

BY:   **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated:  November 6, 2020
SCC/

## PROOF OF SERVICE

I hereby certify that on November 9, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record; and I further certify that I have mailed by United States Postal Service, the paper to the following non-ECF participants:  ***None.***

s/ Shawn C. Cabot
SHAWN C. CABOT (P64021)
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

NIKOS KIDIS,

      Plaintiff,

v.

                                       CASE NO: 2:16-cv-13070
                                       HON: SEAN F. COX

J. MORAN,
in his individual and official capacity,

      Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>ROBERT S. HUTH, JR. (P42531)<br>RAECHEL M. BADALAMENTI (P64361)<br>Attorneys for Defendants<br>19500 Hall Road, Ste. 100<br>Clinton Township, MI 48038<br>586-412-4900<br>586-412-4949-fax<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com |
|---|---|

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RELEASE OF FUNDS FROM THE SUPERSEDEAS BOND POSTED BY DEFENDANT MORAN**

**Law & Argument**

Federal Rule of Civil Procedure ("FRCP") 1 states that the rules of procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

The *Amended Judgment* in this case was entered on April 16, 2019.  **(ECF No. 142, PageID.5775).**  However, even with the original Judgment, Defendant Moran has fought against paying a single penny.  Now, we are two years post the trial in this matter and still nothing has been paid by Defendant Moran.  Defendant Moran has continued to refuse to pay on the Amended Judgment even after the Sixth Circuit affirmed everything with the exception of the punitive damages award.  More than thirty (30) days have passed since the Sixth Circuit's decision, but Defendant Moran has not paid anything.

Because certain monies in the *Amended Judgment* were not disturbed by the Sixth Circuit, these monies should be paid forthwith; and not permitting the payment of these monies would be unfair, especially since a supersedeas bond has in fact been deposited with the Court, and the funds are therefore available for distribution. Therefore, the Court should direct the Clerk of the Court to release those funds from the Amended Judgment as set forth in the attached Motion.  *See Blakeman v. Bishop (in Re W. Fid. Mktg., Inc.)*, 218 F.Supp.2d (N.D. Tx. 2002).  **(Exhibit A).**  Of course, additional monies will likely be due and owing once the Court rules on *Plaintiff's Motion for Additional Attorney Fees, Costs, and Interest* that was recently filed. **(ECF No. 165, PageID.6035-6053)**.  However, in the interim, additional delay in the payment of the monies due and owing should not be permitted.

## Conclusion

In light of the arguments, evidence, and caselaw set forth herein, Plaintiff

respectfully requests that the instant Motion be granted.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


BY:   **/s/ Shawn C. Cabot**
       CHRISTOPHER J. TRAINOR (P42449)
       SHAWN C. CABOT (P64021)
       Attorneys for Plaintiff
       9750 Highland Road
       White Lake, MI  48386
       (248) 886-8650
       shawn.cabot@cjtrainor.com

Dated:  November 6, 2020
SCC/