**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

NIKOS KIDIS,

Plaintiff,

v.

CASE NO: 2:16-cv-13070
HON: SEAN F. COX

J. MORAN,
in his individual and official capacity,

Defendant.


| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>ROBERT S. HUTH, JR. (P42531)<br>RAECHEL M. BADALAMENTI (P64361)<br>Attorneys for Defendants<br>19500 Hall Road, Ste. 100<br>Clinton Township, MI 48038<br>586-412-4900<br>586-412-4949-fax<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com |
|---|---|


**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT REGARDING PUNITIVE DAMAGES AMOUNT**

**NOW COMES** Plaintiff, by and through his attorneys, and for the instant Motion states as follows:

1. On October 25, 2018, a jury trial concluded; and the jury returned a verdict in favor of Plaintiff wherein he was awarded $1.00 in nominal damages and $200,000.00 in punitive damages. **(ECF No. 111, PageID.3542-3543).**

2. On November 13, 2018, this Court entered a *Judgment* awarding Plaintiff $1.00 in nominal damages and $200,000.00 in punitive damages. Additionally, the *Judgment* stated that "[s]tatutory costs, fees, attorney fees, and interest may be separately entered." **(ECF No. 114, PageID.3575-3576).**

3. The Court's entry of the November 13, 2018 *Judgment* birthed a flurry of post-trial activity; and ultimately an appeal to the Sixth Circuit Court of Appeals which was taken by Defendant Moran on a host of various issues.

4. One of the many post-trial Motions filed by Defendant Moran was a *Motion for Remittitur or, Alternatively, for a New Trial*. **(ECF No. 125, PageID.4391-4426).** In that Motion, Defendant requested that the Court award various types of relief which included but was not limited to Order remittitur of the punitive damage award to an amount not to exceed $1,000; and/or Order a new trial under Rule 59(a) or Rule 60(b)(1). **(ECF No. 125, PageID.4391-4392, 4403, 4411, 4423-4424).** Plaintiff vehemently opposed Defendant Moran's Motion and argued that the punitive damages award must not be altered. **(ECF No. 136, PageID.5195-5228).**

5. On April 16, 2019, this Honorable Court entered an *Opinion and Order Denying Defendant's Motion for Remittitur or a New Trial (ECF No. 125)* after thoroughly examining the trial testimony and evidence admitted during the trial and the caselaw addressing the due process ratio issue, while also considering the effect of inflation on prior awards. **(ECF No. 139, PageID.5749-5762).**

6. On June 14, 2019, Defendant Moran filed a *Notice of Appeal*, whereby he took up seven enumerated issues on appeal to the Sixth Circuit Court of Appeals. **(ECF No. 145, PageID.5858-5859).**

7. The case proceeded through the appellate process with the various issues raised by Defendant being fully briefed by the parties.

8. On September 25, 2020, the Sixth Circuit Court of Appeals issued an Opinion and Judgment, with Circuit Judge Griffin dissenting as to the remittitur of the punitive damages award. **(ECF No. 165-2, PageID.6057-6079).**

9. As it relates to the remittitur issue only (as the appeals court affirmed all other decisions by this Court), the majority Opinion stated as follows:

(i) "We accordingly reverse the punitive damages portion of the judgment, and remand that portion of the judgment to the district court with instructions to enter an order of remittitur reducing the punitive damages award to no more than $50,000. We affirm the remaining aspects of the judgment." **(ECF No. 165-2, PageID.6058).**

(ii) "Taking all of these considerations together, the maximum punitive damages award supported by due process here is $50,000." **(ECF No. 165-2, PageID.6065).**

(iii) ". . . due process does not justify a $200,000 punitive damages award. At most, **it sanctions a $50,000 award. <u>We therefore reduce the award to that amount.</u> (ECF No. 165-2, PageID.6066).**

(iv) In the Sixth Circuit's conclusion, it set forth as follows: "The district court's judgment is **REVERSED** and **REMANDED** with instructions to enter an order of remittitur reducing the punitive damages to no more than $50,000. We **AFFIRM** the remaining aspects of the judgment challenged on appeal." **(ECF No. 165-2, PageID.6072) (Emphasis in the original).**

10. When the Sixth Circuit's Opinion is read in its entirety, this Court is instructed to award Plaintiff punitive damages in the amount of $50,000.00; and not anything less.

11. That the punitive damages award in this case must not be anything less than $50,000.00 was the understanding of Circuit Judge Griffin when he stated in his dissent as follows:

(i) "However, I respectfully dissent in part, because I do not agree that the Due Process Clause of the Fifth Amendment requires us to arbitrarily reduce the jury's punitive damages award to the sum of $50,000." **(ECF No. 165-2, PageID.6073).**

(ii) "The majority, however, does not appear to view Moran's conduct as egregious, and thus adopts the "categorical approach" that *Gore* forbids: that solely because the ratio is disproportionate, the Fifth Amendment requires its reduction to the arbitrary sum of $50,000." **(ECF No. 165-2, PageID.6076).**

(iii) "Yet given their view of the two other factors, the majority opinion arbitrarily reduces the punitive damages award to $50,000." **(ECF No. 165-2, PageID.6077).**

12. When this Court's prior opinions and the reasonings and principles contained therein are considered in conjunction with the decision issued by the Sixth Circuit Court of Appeals, it is clear that, per the instruction of the Sixth Circuit, the punitive damages award be reduced to nothing less than $50,000.00.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter a judgment/order awarding Plaintiff nothing under $50,000.00 in punitive damages, which is consistent with the Opinion of the Sixth Circuit Court of Appeals.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: November 13, 2020
SCC/

**PROOF OF SERVICE**

I hereby certify that on November 13, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***all attorneys of record***; and I hereby certify that I have mailed by United States Postal Service, the paper to the following non-ECF participants: ***None***.

/s/ Shawn C. Cabot
SHAWN C. CABOT (P64021)
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

NIKOS KIDIS,

Plaintiff,

v.

CASE NO: 2:16-cv-13070
HON: SEAN F. COX

J. MORAN,
in his individual and official capacity,

Defendant.



| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | KIRK, HUTH, LANGE & BADALAMENTI, PLC<br>ROBERT S. HUTH, JR. (P42531)<br>RAECHEL M. BADALAMENTI (P64361)<br>Attorneys for Defendants<br>19500 Hall Road, Ste. 100<br>Clinton Township, MI 48038<br>586-412-4900<br>586-412-4949-fax<br>rhuth@khlblaw.com<br>rbadalamenti@khlblaw.com |
|---|---|



**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT REGARDING PUNITIVE DAMAGES AMOUNT**

## Introduction

As discussed between the Court and the attorneys at the October 10, 2020 Status Conference, this Motion requests the Court to enter an award/order/judgment of punitive damages of nothing less than $50,000.00. When the decision of the Sixth Circuit is read in its entirety, including the dissent, it is clear that the punitive

damages award ultimately determined by this Court should not be less than $50,000.00.

**Arguments**

After the Court entered *Judgment* awarding Plaintiff, in part, $200,000.00 in punitive damages, Defendant Moran filed a *Motion for Remittitur or, Alternatively, for a New Trial*. **(ECF No. 125, PageID.4391-4426).** Throughout the Motion, Defendant requested that the Court reduce the punitive damages award to $1,000.00 or order a new trial. **(ECF No. 125).** Plaintiff vehemently opposed Defendant Moran's Motion and argued that the punitive damages award must remain unchanged. **(ECF No. 136, PageID.5195-5228).** On April 16, 2019, this Honorable Court entered an *Opinion and Order Denying Defendant's Motion for Remittitur or a New Trial (ECF No. 125)* after thoroughly examining the trial testimony and evidence admitted during the trial and the caselaw addressing the due process ratio issue, while also considering the effect of inflation on prior awards. **(ECF No. 139, PageID.5749-5762).**

Although Defendant Moran initially argued to this Court that the $200,000.00 punitive damages award violated his due process rights, this Court disagreed. The Court went through a thorough analysis of the *Gore* factors. ***Id***. Significantly, this Court set forth as follows in its initial decision:

> Considering Moran's reprehensible conduct (as determined by the jury), the above case-law awards, and the effect of inflation, the

> Court concludes that Moran had fair notice that he would be subjected to a punitive penalty on the order of $200,000. Thus, the jury's award is not unconstitutionally excessive and the Court will not order a remittitur or a new trial on that basis.

**(ECF No. 139, PageID.5760).**

This Court had the opportunity to reduce Plaintiff's punitive damages award, but did not do so. The Court ultimately determined that the punitive damages award issued by the jury did not violate due process, and therefore let the full amount of the jury's verdict stand. Thus, if the Court did not reduce the punitive damages award then, it should not give Plaintiff anything less than $50,000.00 in punitive damages now.

The Sixth Circuit Court of Appeals issued its Opinion and Judgment on September 25, 2020. The Opinion and Judgment is clear in that a punitive damages award that is ultimately issued by this Court must not be less than $50,000.00. The appellate court's intent could be no more clearly set forth than when it made the following determination ". . . due process does not justify a $200,000 punitive damages award. At most, **it sanctions a $50,000 award.** ***<u>We therefore reduce the award to that amount.</u>*** **" (ECF No. 165-2, PageID.6066) (Emphasis added).**

Clearly, the Sixth Circuit is directing this Court to enter a punitive damages award of nothing less than $50,000.00. And while Defendant Moran will almost certainly argue to the contrary, the appellate decision does not support Defendant's

position; especially when considered against the backdrop of the language contained in the dissenting opinion.

Circuit Judge Griffin, who was a member of the panel that heard and decided the appeal, dissented. **(ECF No. 165-2, PageID.6073-6078).** While the dissenting opinion agreed with Plaintiff that the $200,000.00 punitive damages award should not be disturbed, the language in the dissent makes it clear that the punitive damages award ultimately issued by this Court is not to be less than $50,000.00. The pertinent language from the dissenting opinion supporting this argument is set forth below:

- "However, I respectfully dissent in part, because I do not agree that the Due Process Clause of the Fifth Amendment requires us to arbitrarily reduce the jury's punitive damages award **to the sum of $50,000**." **(ECF No. 165-2, PageID.6073). (Emphasis added).**

- "The majority, however, does not appear to view Moran's conduct as egregious, and thus adopts the "categorical approach" that *Gore* forbids: that solely because the ratio is disproportionate, the Fifth Amendment requires its reduction to the arbitrary sum of $50,000." **(ECF No. 165-2, PageID.6076).**

- "Yet given their view of the two other factors, the majority opinion arbitrarily reduces the punitive damages award to $50,000." **(ECF No. 165-2, PageID.6077).**

Given the above, it is clear that the direction to this Court is to remit the punitive damages award, but certainly not to an award of anything less than $50,000.

Finally, remitting the punitive damage award to nothing less than $50,000 would be in line with the principles and reasoning set forth in this Court's prior

decision and analysis when it affirmed the $200,000.00 jury verdict awarded by the jury. **(ECF No. 139, PageID.5749-5762).**

## Conclusion

For the reasons set forth herein and in the attached Motion, Plaintiff respectfully requests that this Honorable Court grant the instant Motion.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: November 13, 2020
SCC/